OPINION.
{¶ 1} Bringing forth three assignments of error, defendant-appellant Kahled Daqer appeals the trial court's judgment convicting him, following a bench trial, of five counts of money laundering in violation of R.C. 1315.55(A)(2). For the following reasons, we affirm.
 {¶ 2} Daqer opened a commercial checking account with Northside Bank and Trust Company on May 1, 2002, under the business name of W.H. Daqer, Inc. Daqer informed the bank that he was operating a check-cashing business. On five separate days during the year, Daqer withdrew more than $10,000 from his commercial checking account using two or more checks made payable to cash and written for amounts just short of $10,000. For example, on July 5, 2002, Daqer withdrew $25,000 from his commercial checking account using check number 1085 in the amount of $9,500, check number 1086 in the amount of $9,500, and check number 1087 in the amount of $6,000. Daqer testified that he withdrew the money using more than one check because bank employees had told him that if used only one check made payable to cash in an amount over $10,000, there would be a delay in receiving the money. Bank employees testified that they had not said this.
 {¶ 3} The state presented documentary evidence from the Ohio Secretary of State that Daqer did not have a license to operate a check-cashing business. Daqer did not challenge this evidence.
 {¶ 4} In his first and second assignments of error, Daqer challenges the sufficiency and the weight of the evidence underlying his convictions. In his third assignment of error, Daqer argues that the trial court erred in denying his Crim.R. 29(A) motion for an acquittal. We address these assignments together.
 {¶ 5} In reviewing a challenge to the weight of the evidence, we must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1] To determine whether a trial court has erred in overruling a Crim.R. 29 motion for an acquittal, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt.[2] We make the same inquiry in reviewing the sufficiency of the evidence.[3]
 {¶ 6} R.C. 1315.55(A)(2) provides that "no person shall conduct or attempt to conduct a transaction knowing that the property involved in the transaction is the proceeds of some form of unlawful activity with the * * * intent to avoid a transaction reporting requirement under [R.C. 1315.53] or federal law." Daqer argues that the currency he was withdrawing from his commercial checking account was not proceeds from an unlawful activity. We disagree.
 {¶ 7} We note that the trial court, in its memorandum explaining its reasons for finding Daqer guilty of five counts of money laundering, found that the unlawful activity that Daqer had been engaged in was working in this country without the permission of the Immigration and Naturalization Service ("INS"). While it may be a federal offense for a foreign national to be working in this country without the permission of the INS, it is not a criminal offense against the state of Ohio. "Unlawful activity" is defined as "an act that is a criminal offense in the state in which the act is committed and, if the act is committed in a state other than [Ohio], would be a criminal offense if committed in [Ohio]."[4] R.C. 2901.03(A) states that "no conduct constitutes a criminal offense against [Ohio] unless it is defined as an offense in the Revised Code." We can find no section in the Ohio Revised Code that criminalizes the act of a foreign national working or owning his own business in Ohio without the permission of the INS. But a trial court can reach a correct judgment for the wrong reason.[5] The state also submitted undisputed documentary evidence that Daqer was operating his check-cashing business without a license in violation of R.C. 1315.22(A). Operating a check-cashing business without a license is a crime, a misdemeanor of the first degree.[6] Accordingly, there was evidence to show that Daqer was engaging in unlawful activity.
 {¶ 8} Daqer next argues that the money he was withdrawing from his commercial checking account was not "proceeds" as that term is commonly understood in the context of money laundering. Citing federal cases, Daqer argues that "proceeds" that are being "laundered" have to have been derived from an illegal activity other than the "money laundering" itself. Essentially, Daqer contends that his action of depositing his cash proceeds from his unlawful activity (operating a check-cashing business without a license) into his commercial checking account and then withdrawing that money to operate his business (the unlawful activity) did not amount to "laundering" or "cleaning" the proceeds. In his view, he was simply putting the proceeds from his unlawful activity back into that same unlawful activity.
 {¶ 9} We agree that the facts presented in this case do not fit the common perception of money laundering, which may look like the following: a person invests his cash proceeds from selling crack cocaine into a corporation's stock, eventually receiving the money back "clean" in the form of dividends. But Daqer was indicted under R.C. 1315.55, which is placed under the heading of "Additional money laundering prohibitions." It does not appear that the code section that Daqer was convicted under was meant to criminalize the traditional perception of "money laundering." Typically, with money laundering, the defendant is trying to conceal the origin of the cash proceeds. This was not the case here. R.C. 1315.55(A)(2) criminalizes the attempt to structure a transaction involving proceeds from an unlawful activity to avoid a transaction-reporting requirement under federal law. (Financial institutions are required to report to the Internal Revenue Service one or more cash transactions by an individual, when the total cash exceeds $10,000 in a single day.)[7]
 {¶ 10} Construing the evidence in a light most favorable to the state, we hold that there was sufficient evidence to convict Daqer of five counts of money laundering in violation of R.C.1315.55(A)(2). The state proved that Daqer was engaged in an unlawful activity and that he conducted cash transactions with the proceeds of that unlawful activity with the intent to avoid transaction-reporting requirements. On five separate days, Daqer withdrew over $10,000 in cash from his commercial checking account by using two or more checks made payable to cash in amounts that fell just short of $10,000. A trier of fact could reasonably infer from such evidence that Daqer was acting with the necessary intent to evade a reporting requirement.[8]
 {¶ 11} Because we have held that there was sufficient evidence to support Daqer's convictions, we hold that the trial court properly denied Daqer's motion for an acquittal. Finally, we hold that the trial court did not lose its way in resolving conflicts in the evidence and, thus, that Daqer's convictions were not against the manifest weight of the evidence.
 {¶ 12} The three assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Gorman and Sundermann, JJ., concur.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 652.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus.
[3] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus; State v. Thompson (1998),127 Ohio App.3d 511, 525, 713 N.E.2d 456.
[4] R.C. 1315.51(O).
[5] State v. Peagler, 76 Ohio St.3d 496, 1996-Ohio-73,668 N.E.2d 489 (an appellate court may decide an issue on grounds different from those determined by the trial court if the evidentiary basis upon which the court of appeals decides a legal issue was adduced before the trial court and made a part of the record).
[6] See R.C. 1315.28(B)(2) and 1315.99.
[7] See Section 5313(a), Title 31, U.S.Code.
[8] See United States v. Macpherson (C.A.2, 2005),424 F.3d 183 (defendant was convicted under Section 5324[a][3], Title 31, U.S. Code, a statute similar to R.C. 1315.55[A][2]).