OPINION
{¶ 1} Defendant-Appellant, Donovan L. Wentling, appeals the judgment of the Wyandot County Court of Common Pleas, sentencing him to an aggregate term of twenty-one years and five months in prison. On appeal, Wentling asserts that the trial court violated his due process rights by imposing a more than the minimum and consecutive sentences when the offenses were committed prior to, but sentenced after, the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and that the trial court erred in imposing a sentence upon him by relying on facts he did not admit or a jury did not find. For the reasons articulated in State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162, we find that the trial court did not impose a sentence under an ex post facto sentencing law. In addition, for the reasons articulated in State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, we find that the trial court did not err in considering the record, information presented at the sentencing hearing, the presentence investigation report, and the victim impact statement when it sentenced Wentling. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} On January 17, 2006, Wentling appeared in the Wyandot County Court of Common Pleas, waived his right to indictment, and consented to proceed by way of a bill of information. Additionally, Wentling signed a written plea agreement, wherein he pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree (hereinafter referred to as "Count One"); one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree (hereinafter referred to as "Count Two"); one count of attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02(A), a felony of the second degree (hereinafter referred to as "Count Three"); and, one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree (hereinafter referred to as "Count Four"). Further, Wentling signed a stipulation, against the advice of his counsel, that provided the following findings by the Court at the time of sentencing:
 1) pursuant to O.R.C. Section 2929.13 (B)(2), the shortest prison term on each Court in the Bill of Information will demean the seriousness of the Defendant's conduct; and
 2) pursuant to O.R.C. 2929.12 (B):
 A) the crimes committed by the Defendant are sexually oriented offenses as defined in O.R.C. Section 2950.01 (D); and
 B) the victim suffered serious psychological harm as a result of the offenses; and
 C) the offender's relationship with the victim facilitated the offenses; and
 3) pursuant to O.R.C. Section 2929.14 (E)(4), consecutive sentences for these offenses are necessary to punish the offender; and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger he poses to the public; and pursuant to O.R.C. Section 2929.14 (E)(4)(b), the offenses committed against [the victim] were part of a course of conduct and the harm caused by the offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the Defendant's conduct.
 The above Stipulation is entered into for the purposes of sentencing, see Blakely v. Washington (2004), 542 U.S. 296, but see, State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-522 (Blakely, supra, does not apply to the Ohio sentencing statutes); and the State of Ohio and the Defendant each reserve the right to introduce evidence and/or speak at the time of sentencing.
 {¶ 3} In February 2006, the State and Wentling each moved to read the presentence investigation report prepared in the case, and the trial court granted both motions.
 {¶ 4} On March 7, 2006, the trial court held a sexual predator classification and sentencing hearing. At the hearing, Wentling moved for the trial court to either withdraw or not consider the stipulation he entered into in January 2006, because the stipulation was entered into because of the Blakely decision and against advice of counsel, which the trial court took under advisement. Additionally, Wentling moved to have the Judge recuse herself from the case, for a continuance, and to seal the presentence investigation report, all of which the trial court denied. Also, Wentling argued that the trial court was required to impose minimum sentences, which would run concurrently, because to do otherwise would be an ex post facto violation.
 {¶ 5} Further, the trial court acknowledged that it "fully considered the information contained in the presentence investigation report prepared by the Adult Parole Authority. * * * [And, that it] also considere[d] the Victim Impact Statements and information presented at this hearing, and the record and the * * * information received at the designation hearing as agreed to from the expert called by the defense." (Tr. p. 202).
 {¶ 6} After the hearings, the trial court sentenced Wentling to four years on Count One, to a mandatory term of nine years imprisonment on Count Two, to seven years imprisonment on Count Three, and to seventeen months imprisonment on Count Four. Additionally, the trial court ordered that sentences imposed on Count One, Count Two, and Count Three shall be served consecutively and that the sentence imposed for Count Four shall be served concurrently to the sentences imposed for Counts One, Two, and Three.
 {¶ 7} It is from this judgment Wentling appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The Trial Court violated the Appellant's due process rights by imposing a sentence more than the minimum term for the offenses in question and consecutive sentences where the offenses were committed before the decision of the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1 (2006) and the Appellant was sentenced after the announcement of the decision in State v. Foster;
 Assignment of Error No. II The Trial Court committed reversible error as a matter of law byrelying on facts not admitted to by the Appellant or found by a jury inimposing sentence (Sic.) upon the Appellant herein.
 {¶ 8} Due to the nature of Wentling's assignments of error, we elect to address them out of order.
 Assignment of Error No. II {¶ 9} In his second assignment of error, Wentling argues that the trial court erred by relying on facts, which he did not admit or a jury did not find. Specifically, Wentling argues that the trial court erred when it relied on the presentence investigation report, the victim's impact statement, and statements of both the victim and family members, all of which contained numerous facts, which he did not admit and a jury did not find. We disagree.
 {¶ 10} In Mathis, decided the same day as Foster, the Ohio Supreme Court provided:
 As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures. R.C. 2929.19 provides that "[t]he court shall hold a sentencing hearing before imposing a sentence * * * and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded."
Mathis, 2006-Ohio-955, at ¶ 37, citing R.C. 2929.19(A)(1) (emphasis in original). Additionally, the Court noted that a trial court "`shall consider the record,' any information presented at the hearing, any presentence investigation report, and any victim-impact statement." Id. citing R.C. 2929.19(B)(1). It is undisputed that the trial court considered the record, information presented at the sentencing hearing, the presentence investigation report, and the victim impact statement when it sentenced Wentling. As a result, Wentling's argument is without merit.
 {¶ 11} Accordingly, Wentling's second assignment of error is overruled.
 Assignment of Error No. I {¶ 12} In his first assignment of error, Wentling argues that the application of Foster to his sentence violates the ex post facto clause of the United States Constitution and that his due process rights are violated because the effect of Foster is to create an ex post facto law. Specifically, Wentling contends that the retroactive application ofFoster increases the penalty for his offenses that were committed prior to the decision in Foster. Wentling also argues that pursuant toBouie v. Columbia (1964), 378 U.S. 347, the application ofFoster has unconstitutionally deprived him of his right to fair warning of a criminal prohibition.
 {¶ 13} However, for the reasons articulated by this Court inMcGhee, supra, we find no merit in Wentling's argument that the sentence violates his due process rights. The sentencing range for his felony offenses, of which he had notice prior to the commission of the crimes, have remained unchanged by the application of Foster. Therefore, we find that Wentling's first assignment of error is without merit and is overruled.
 {¶ 14} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)