OPINION *Page 2 
{¶ 1} Defendant-Appellant, Charles W. Bartholomew, appeals his sentence from the Crawford County Court of Common Pleas, wherein he was sentenced to ten years in prison after pleading guilty to one count of rape. On appeal, Bartholomew argues that the trial court erred in sentencing him to the maximum sentence of ten years; that his incarceration is an unnecessary burden on government resources and is disproportionate to his criminal act; that the trial court failed to properly apply State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856; that the trial court improperly considered uncharged conduct, which he allegedly committed; that the trial court failed to consider his advanced age when it sentenced him; and, that the trial court erred in ordering him to pay restitution in the form of counseling expenses. Finding that the trial court properly sentenced Bartholomew, but committed plain error when it ordered him to pay restitution, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} In March 2006, the Crawford County Grand Jury indicted Bartholomew on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Bartholomew pled not guilty.
 {¶ 3} In May 2006, Bartholomew moved to withdraw his former plea of not guilty and to enter a plea of guilty to the charge in the March 2006 indictment. *Page 3 
The trial court found Bartholomew's motion well taken, accepted his guilty plea, found Bartholomew guilty on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and found Bartholomew to be a sexually oriented offender.
 {¶ 4} In June 2006, the trial court held a sentencing hearing. In July 2006, the trial court filed its sentencing judgment entry, which provided in pertinent part:
 The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code section 2929.11, and has balanced the seriousness and recidivism factors (Sic.) Ohio Revised Code section 2929.12.
 * * *
 Upon consideration of the pre-sentence investigation and attachments, the purposes and principles of sentences, the record and the statements/exhibits of counsel; the State requesting prison:
 It is ORDERED that the defendant shall be sentenced to a prison term of ten (10) years. The defendant was determined a sexually oriented offender as contained in the file-stamped May 4, 2006 separate Judgment Entry and Notice of Duties to Register as an Offender of a Sexually Oriented or Child-Victim Offense. The defendant shall pay $426.00 restitution to the Attorney General's Victims of Crime for reimbursement to the victim. The defendant shall pay the costs of this case and any fees permitted pursuant to Revised Code section 2929.18(a).
(July 2006 Judgment Entry pp. 1-2).
 {¶ 5} It is from this judgment Bartholomew appeals, presenting the following assignments of error for our review. *Page 4 
 Assignment of Error No. I THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO PRISON FOR A MAXIMUM SENTENCE OF TEN YEARS.
 Assignment of Error No. II THE TRIAL COURT ERRED BY INCARCERATING THE DEFENDANT FOR TEN YEARS, WHERE SUCH INCARCERATION IS AN UNNECESSARY BURDEN ON GOVERNMENT RESOURCES AND IS DISPROPORTIONATE TO HIS CRIMINAL ACT.
 Assignment of Error No. III THE TRIAL COURT ERRED BY INCARCERATING THE DEFENDANT FOR TEN YEARS, WHERE THE TRIAL COURT FAILED TO PROPERLY APPLY STATE V FOSTER WHEN SENTENCING THE DEFENDANT.
 Assignment of Error No. IV THE TRIAL COURT ERRED BY IMPROPERLY CONSIDERING UNCHARGED CONDUCT ALLEGEDLY COMMITTED BY DEFENDANT.
 Assignment of Error No. V THE TRIAL COURT ERRED BY INCARCERATING THE DEFENDANT FOR TEN YEARS, WHERE THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE ADVANCED AGE OF THE DEFENDANT.
 Assignment of Error No. VI THE TRIAL COURT ERRED BY ORDERING THE DEFENDANT TO PAY RESTITUTION IN THE FORM OF COUNSELING EXPENSES. *Page 5 
 Assignments of Error Nos. I III {¶ 6} In his first assignment of error, Bartholomew argues that the trial court erred in sentencing him to ten years in prison. In his third assignment of error, Bartholomew argues that the trial court failed to properly apply Foster, when he was sentenced. Specifically, Bartholomew asserts that the trial court failed to use its judicial discretion. We disagree.
 {¶ 7} The Ohio Supreme Court in Foster, supra, 2006-Ohio-856, at paragraph seven of the syllabus, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." In addition, the Court stated "[o]ur remedy does not rewrite the statutes, but leaves courts with full discretion to impose prison terms within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings of fact thatBlakely prohibits." Id. at ¶ 102. "Courts shall consider these portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105. *Page 6 
 {¶ 8} In addition, Foster altered the appellate court's standard of review for most sentencing appeals from "clear and convincing" to "abuse of discretion." Id. at ¶¶ 100 102; see State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (noting "the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C)"). Accordingly, we must review this sentence under the abuse of discretion standard. In order to find an abuse of discretion, we must find that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 9} The range of sentences for a first degree felony is three to ten years in prison. R.C. 2929.14(A)(1). While the trial court sentenced Bartholomew to the statutory maximum of ten years in prison, we cannot say that the trial court abused its discretion when it sentenced Bartholomew within the statutory range. Accordingly, McDaniel's first and third assignments of error are overruled.
 Assignment of Error No. II {¶ 10} In his second assignment of error, Bartholomew argues that the trial court erred by incarcerating him for ten years, because his prison term places an *Page 7 
unnecessary burden on government resources, under R.C. 2929.13(A), and is disproportionate to his criminal act, under R.C. 2929.11(B).
 {¶ 11} In support, Bartholomew claims that only the worst offenders should be placed in prison and since he is not a worst offender, his placement in jail places an unnecessary burden on government resources and is disproportionate to his criminal act. However, Bartholomew directs this Court to no precedent in support of his argument. Moreover, the trial court stated, during Bartholomew's sentencing hearing, "I have considered the effect of my sentence on the community resources. I've also considered my responsibility to this community to protect it. And, quite frankly, your conduct, that you've admitted to, that I read in the pre-sentence report is so far outside the bounds that any civilized society could, could (Sic.) tolerate, that words literally fail me." (Tr. p. 6). Therefore, we cannot find that Bartholomew's ten year prison sentence constitutes an unnecessary burden upon state or local government or is incommensurate with or demeaning to the seriousness of the conduct.
 {¶ 12} Accordingly, Bartholomew's second assignment of error is overruled.
 Assignment of Error No. IV {¶ 13} In his fourth assignment of error, Bartholomew argues that the trial court improperly considered uncharged conduct, which he allegedly committed. *Page 8 
Specifically, Bartholomew argues that the trial court should not have relied upon information contained within the pre-sentence investigation report. We disagree.
 {¶ 14} As we stated in State v. Wentling, 3d Dist. No. 16-06-03,2007-Ohio-217, ¶ 10,
 In Mathis, decided the same day as Foster, the Ohio Supreme Court provided:
 As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures. R.C. 2929.19 provides that "[t]he court shall hold a sentencing hearing before imposing a sentence * * * and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded."
 Mathis, 2006-Ohio-955, (Sic.) at ¶ 37, citing R.C. 2929.19(A)(1) (emphasis in original). Additionally, the [Ohio Supreme] Court noted that a trial court "`shall consider the record,' any information presented at the hearing, any presentence investigation report, and any victim-impact statement." Id. citing R.C. 2929.19(B)(1).
 {¶ 15} As in Wentling, it is undisputed that, as required, the trial court considered the record, information presented at the sentencing hearing, the pre-sentence investigation report, and the victim impact statement when it sentenced Bartholomew. As a result, Bartholomew's argument is without merit.
 {¶ 16} Accordingly, Bartholomew's fourth assignment of error is overruled. *Page 9 
 Assignment of Error No. V {¶ 17} In his fifth assignment of error, Bartholomew argues that the trial court failed to properly consider his advanced age when it sentenced him to ten years in prison. We disagree.
 {¶ 18} In support, Bartholomew relies on the "catch-all" phrase of R.C. 2929.12(A), which provides, "in addition, [the trial court] may consider any other factors that are relevant to achieving those purposes and principles of sentencing." However, Bartholomew fails to provide us with any case law supporting his contention and failed to raise this matter in the trial court. Since this issue was not raised in the trial court, it will not be considered here. State v. Park, 3d Dist. No. 3-06-14, 2007-Ohio-1084, ¶ 9.
 {¶ 19} Accordingly, Bartholomew's fifth assignment of error is overruled.
 Assignment of Error No. VI {¶ 20} In his sixth assignment of error, Bartholomew argues that the trial court erred by ordering him to pay restitution for counseling expenses. Specifically, Bartholomew argues that counseling expenses of the victim do not constitute an "economic loss." We agree with Bartholomew that the trial court erred by ordering him to pay restitution for counseling expenses, but for a different reason. *Page 10 
 {¶ 21} At Bartholomew's sentencing hearing, the victims advocate noted "the Attorney General's office has asked that you would direct restitution payment in the amount of four hundred twenty-six dollars ($426.00). That was bills from counseling that [victim's mother] had received originally, that she's since been reimbursed through the [Ohio Victim's of Crime fund]" and the trial court ordered him to pay "restitution to the Ohio Victim's of Crime fund in the amount of Four Hundred Twenty-six dollars ($426.00)." (Tr. p. 6). At the outset, we note that Bartholomew failed to enter an objection to the restitution ordered at the time of the hearing. Although it is a long-standing general rule that an appellate court need not consider alleged errors which were not objected to in the trial court, State v. Williams (1977),51 Ohio St.2d 112, we find it necessary to examine this issue on the basis of plain error.
 {¶ 22} Relevant case law states that plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." State v. Biros,78 Ohio St.3d 426, 431, 1997-Ohio-204; see State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825. For the following reasons, we conclude that plain error exists in this instance.
 {¶ 23} R.C. 2743.52 permits the Attorney General to make awards of reparations to victims for economic losses arising from criminally injurious conduct. R.C. 2743.52(A). Here, it is undisputed that the Attorney General paid *Page 11 
the victim's mother $426.00 out of the Ohio Victim's of Crime fund, under R.C. 2743.52, and has sought reimbursement through an award of restitution in this criminal action.
 {¶ 24} R.C. 2929.18(A)1 provides financial sanctions, which can be imposed against a felony offender. Specifically, R.C. 2929.18(A) provides in pertinent part:
 [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section
 * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime
 * * *, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court.
(Emphasis added).
 {¶ 25} In State v. Kreischer, 109 Ohio St.3d 391, 2006-Ohio-2706, the Ohio Supreme Court reviewed a former version of R.C. 2929.18(A)(1) and provided: "our resolution of this case will likely affect only those cases arising prior to the June 1, 2004 effective date of the statutory change, because on that date, the legislature amended R.C. 2929.18 to delete all references to restitution for third *Page 12 
parties. See 2003 Sub. H.B. No. 52." Id. at ¶ 1. Specifically, the Court noted, "former R.C. 2929.18(A)(1)[1] expressly stated that restitution may include `a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim.' 148 Ohio Laws, Part IV, 8674, 8767. * * * Accordingly, the General Assembly authorized trial courts to exercise discretion when imposing financial sanctions on a defendant and permitted those sanctions to include reimbursement to third parties for amounts paid on behalf of a victim." Id. at ¶ 13. Further, the Court held, "[i]n this case, the trial court exercised its discretion and ordered payment to the medical-insurance provider in accordance with former R.C. 2929.18(A)(1). Therefore, although our decision is limited in scope because this portion of the Revised Code has since been amended, we answer the certified question in the affirmative because at the time of its ruling, the trial court had discretion to include reimbursement to third parties for amounts paid on behalf of the victim * * *." Id. See also, State v. Christy, 3d Dist. No. 16-06-01, 2006-Ohio-4319, ¶ 13 ("We note that, under former R.C.2929.18(A)(1), a trial court may order a felony offender to pay the [Ohio Victim's of Crimes fund] for money the [Fund] paid on a victim's behalf")
 {¶ 26} Thus, under the current version of R.C. 2929.18, financial sanctions which can be imposed against a felony offender do not include reimbursement to *Page 13 
third parties for amounts paid on behalf of the victim. Therefore, the trial court committed plain error, because it did not have the authority to order Bartholomew to pay restitution to a third party, the Ohio Victim's of Crimes fund, in the amount of $426.00.
 {¶ 27} Accordingly, Bartholomew's sixth assignment of error is sustained.
 {¶ 28} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued in his first, second, third, fourth, and fifth assignments of error, but having found error prejudicial to the appellant herein, in the particulars assigned and argued in his sixth assignment of error, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
Judgment Affirmed in Part and Reversed in Part and CauseRemanded.
 SHAW and PRESTON, JJ., concur.
[1] We note that R.C. 2929.18(A)(1) was amended effective April 4, 2007 under 2006 H 461. Therefore, we will consider the statute in effect when the offense occurred, which was February 2006, and all references to R.C. 2929.18(A) will be to the statute in effect when the offense occurred, unless otherwise specified. *Page 1