OPINION
{¶ 1} Plaintiff-Appellant, the State of Ohio, appeals the judgment of the Crawford County Court of Common Pleas, imposing five years of community control upon Defendant-Appellee, Beverly McLaughlin. On appeal, the State argues that the trial court erred in failing to impose a prison term on McLaughlin. Finding that the trial court did not err when it sentenced McLaughlin to five years of community control, we affirm the judgment of the trial court.
 {¶ 2} In February 2005, the Crawford County Grand Jury indicted McLaughlin on one count of rape of a juvenile victim being less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. According to the indictment, the events were allegedly committed between January 1, 2004, and December 20, 2004.
 {¶ 3} In December 2005, the matter proceeded to a jury trial, and during jury selection, both parties agreed to request a change of venue. The matter was rescheduled for trial on July 5, 2006, in Wyandot County.
 {¶ 4} On July 6, 2006, McLaughlin agreed to enter a plea of guilty to one count of gross sexual imposition in violation of R.C. 2907.04(A)(4), a felony of the third degree. After McLaughlin entered her plea of guilty, the trial court ordered a pre-sentence investigation. *Page 3 
 {¶ 5} In August 2006, the trial court held a sentencing hearing. During the hearing, the State requested a prison sentence and advised the trial court that there was a presumption in favor of a prison sentence. The trial court sentenced McLaughlin to five years of community control. Additionally, the trial court determined that McLaughlin has a duty to register under R.C. 2950.04 as a sexually oriented offender.
 {¶ 6} It is from this judgment the State appeals, presenting the following assignment of error for our review.
THE TRIAL COURT FAILED TO IMPOSE A PRISON TERM UPON THE APPELLEE
 {¶ 7} In its assignment of error, the State argues that the trial court erred when it sentenced McLaughlin to community control. Specifically, the State asserts that McLaughlin's conviction of gross sexual imposition carries a statutory presumption in favor of a prison term and that the trial court failed to make the necessary statutory findings to impose community control.
 {¶ 8} The Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at paragraph seven of the syllabus, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." In addition, the Court stated "[o]ur remedy does not rewrite the statutes, but leaves courts with full discretion to *Page 4 
impose prison terms within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings of fact that Blakely prohibits." Id. at ¶ 102. "Courts shall consider these portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 {¶ 9} The Court in Foster also held that trial courts must still comply with R.C. 2929.11, R.C. 2929.12, R.C. 2929.13, and the remaining provisions of R.C. 2929.14 and that R.C. 2929.11 and R.C. 2929.12 apply as a general guide for every sentencing. Id. at ¶ 36. The Court held that R.C. 2929.11 and R.C. 2929.12 do not mandate judicial fact-finding; rather, in exercising its discretion, a court is merely required to "consider" the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12. Id. at ¶¶ 36-42. See, also, State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38. Thus, post-Foster, trial courts are still required to consider the general guidance factors in sentencing.
 {¶ 10} R.C. 2929.11(A) provides that a trial court that sentences an offender for a felony conviction must be guided by the "overriding purposes of felony *Page 5 
sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 11} R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C.2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 12} In addition, Foster altered the appellate court's standard of review for most sentencing appeals from "clear and convincing" to "abuse of discretion." Foster, supra, at ¶¶ 100 102; see State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767 (noting "the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C)"). Accordingly, we must review this sentence under the abuse of discretion standard. In order to find an abuse of discretion, we must find that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 13} Here, the trial court considered the purposes and principles of felony sentencing of R.C. 2929.11 and balanced the seriousness and recidivism factors of *Page 6 
R.C. 2929.12 in sentencing McLaughlin. The court also noted McLaughlin's mental ability as grounds to mitigate.
 {¶ 14} R.C. 2929.13, which provides directives relating to felony degrees, was left intact by Foster. The Court held that R.C. 2929.13(D) sets forth a presumption in favor of prison for felonies of the first or second degree. However, notwithstanding this presumption, a court may impose a community control sanction if it finds such sanction would adequately punish the offender and protect the public from future crime and would not demean the seriousness of the offense. Foster, at ¶ 43. R.C. 2929.13(D) requires findings of fact only when the trial court overcomes the presumption of imprisonment, i.e., only for downward departures in sentencing. Mathis, at ¶ 27. The court held: "Judicial findings must be provided only for downward departures, such as when a court refuses to impose the presumptive prison term under R.C.2929.13(D) or when a court grants a judicial release. See R.C. 2929.20(H)." Id.
 {¶ 15} Here, McLaughlin entered a guilty plea to one count of gross sexual imposition in violation of R.C. 2907.04(A)(4), a felony of the third degree. Under R.C. 2929.14(A)(3), the prison term range for a third-degree felony is one, two, three, four, or five years. The sentencing guidelines in R.C. 2929.13(C), however, do not provide a presumption in favor of either a prison sentence or a community *Page 7 
control sentence for third-degree felonies. Furthermore, at the time of the offense, R.C. 2929.13(F) provided, in pertinent part:
 Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20 or 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the terms pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:
 * * *
 (3) Gross sexual imposition or sexual battery, if the victim is under thirteen years of age, if the offender previously was convicted of or pleaded guilty to rape, the former offense of felonious sexual penetration, gross sexual imposition, or sexual battery, and if the victim of the previous offense was under thirteen years of age
 {¶ 16} Since it is undisputed that McLaughlin was a first-time offender, R.C. 2929.13(F)(3) does not apply. Accordingly, the trial court maintains discretion with the provision that the appropriate findings are made. Therefore, we hold that the trial court did not abuse its discretion in sentencing McLaughlin to a term of five years of community control and overrule the State's assignment of error.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. *Page 1