OPINION *Page 2 
{¶ 1} Defendant-Appellant Randall P. Flick ("Flick") appeals from the May 30, 2007 Judgment Entry of the Court of Common Pleas of Crawford County, Ohio sentencing him to 18 months in prison for his conviction on one count of Unlawful Sexual Conduct with a Minor in violation of R.C.2907.04, a felony of the fourth degree.
 {¶ 2} On March 12, 2007 Flick was indicted on one count of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04, a felony of the fourth degree. Flick was arraigned on March 19, 2007 and entered a plea of not guilty.
 {¶ 3} On April 11, 2007 a change of plea hearing was held. Flick changed his plea to guilty. The trial court accepted the plea and entered a finding of guilty on one count of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04.
 {¶ 4} The matter was set for sentencing on May 16, 2007. Flick did not appear for sentencing and a warrant for his arrest was issued. Flick was sentenced on May 30, 2007 to 18 months in prison. At sentencing, the trial court also adjudicated Flick to be a sexually oriented offender.
 {¶ 5} Flick now appeals asserting five assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT DENIED DUE PROCESS IN SENTENCING THE DEFENDANT WHERE THE RECORD *Page 3 IS INSUFFICIENT FOR MEANINGFUL APPELLATE REVIEW.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED BY INCARCERATING THE DEFENDANT FOR EIGHTEEN MONTHS, WHERE SUCH INCARCERATION IS AN UNNECESSARY BURDEN ON GOVERNMENT RESOURCES AND IS DISPROPORTIONATE TO HIS CRIMINAL ACT.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED BY IMPROPERLY CONSIDERING UNCHARGED CONDUCT ALLEGEDLY COMMITTED BY DEFENDANT.
 ASSIGNMENT OF ERROR IV THE COURT MAY NOT CONSIDER ALLEGATIONS OF UNCHARGED OTHER CONDUCT TO EXACERBATE THE PUNISHMENT.
 ASSIGNMENT OF ERROR V THE TRIAL COURT COMMITTED ERROR IN CONSIDERING THE DEFENDANT'S JUVENILE CONVICTIONS FOR PURPOSES OF IMPOSING A GREATER SENTENCE.
 {¶ 6} For ease of discussion, Flick's assignments of error will be discussed together. In all of his assignments of error, Flick contends that the trial court erred in determining and imposing his sentence.
 {¶ 7} In reviewing sentencing decisions of a trial court, an appellate court conducts a meaningful review of the sentencing decision. State v.Carter, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the *Page 4 
sentence and remand the matter to the trial court for re-sentencing, if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law.Carter, at ¶ 44 citing State v. Comer (2003), 99 Ohio St.3d 463, 476,793 N.E.2d 473, 2003-Ohio-4164; R.C. 2953.08.
 {¶ 8} Additionally, a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. Id.
 {¶ 9} The Supreme Court of Ohio addressed constitutional issues concerning felony sentencing in State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(E), so that "judicial fact-finding is not required before imposition of consecutive prison terms." Foster, 109 Ohio St.3d 1 at syllabus. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their *Page 5 
reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 109 Ohio St.3d 1 at ¶ 100.
 {¶ 10} In Mathis, decided the same day as Foster, the Supreme Court of Ohio provided, in relevant part, as follows:
 As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences . . . the trial court will have discretion to sentencing within the applicable range, following R.C. 2929.19 procedures.
Mathis at ¶ 37; see also State v. Wentling, 3rd Dist. No. 16-06-03,2007-Ohio-217.
 {¶ 11} However, a trial court must still consider the overall purposes of sentencing as set forth in R.C. 2929.11, as well as the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12, when sentencing an offender. State v.Smith, 3rd Dist. No. 2-06-37, 2007-Ohio-3129 at ¶ 26 citingMathis, 2006-Ohio-855 at ¶ 38. But, under R.C. 2929.12, a sentencing court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. Id. citingState v. Sharp, 10th Dist. No. 05AP-809, 2006-Ohio-3448; State v.Amett, (2000), 88 Ohio St.3d 208, 205, 2000-Ohio-302; State v.McAdams (2005), 162 Ohio App.3d 318, 2005-Ohio-3895; and State v.Patterson, 8th Dist. No. 84803, 2005-Ohio-2003. Further, there is no requirement in R.C. 2929.12 that the trial court state on the record that *Page 6 
it has considered the statutory criteria or even discussed them.Id. citing State v. Polick (1995), 101 Ohio App.3d 428, 431; State v.Gant, 7th Dist. No. 04-MA-252, 2006-Ohio-1469 (nothing in R.C. 2929.12
or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings); State v. Hughes 6th Dist. No. WD-05-024, 2005-Ohio-6405 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable).
 {¶ 12} Although Flick argues that the trial court improperly considered matters outside the record, such as uncharged conduct and contested allegations in the Pre-Sentence Investigation ("PSI"), we cannot find any evidence supporting that argument in the record before this Court. Moreover, we note that the trial court was statutorily allowed to consider Flick's lengthy record of both juvenile and adult crimes, as well as Flick's lack of remorse for his conduct as articulated in the PSI.
 {¶ 13} The trial court conducted Flick's sentencing hearing pursuant to R.C. 2929.19, which provides, in relevant part, as follows:
 (A)(1) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony . . . At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative . . . and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the . . . finding of the court and ask the offender whether the offender *Page 7 has anything to say as to why sentence should not be imposed upon the offender.
 * * *
 (B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the pre-sentence investigation report . . . and any victim impact statement made . . .
Moreover, the trial court took into consideration factors articulated in R.C. 2929.12, which provides in relevant part:
 (A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 * * *
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 * * *
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January *Page 8 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 14} A review of the record in the present case demonstrates that the trial court followed the procedures set forth in R.C. 2929.19 for considering the PSI and considered Flick's record as allowed by R.C.2929.12. The trial court articulated some of the items it took into consideration when sentencing Flick.
 The Court: . . . your record, Mr. Flick, speaks volumes for the kind of person you are; you know I got at least six juvenile offenses and a then an unruly charge thrown in there including one which appears would have been a felony if you were an adult an arson charge, an extremely serious charge, uh, that I think says a lot about your character, and you have five previous adult offenses, none of them are felonies, that's true, but, uh, it takes a little bit of effort to come up with a record that bad at your age. I've also considered your complete lack of any genuine remorse at all for this. This Court doesn't believe you take this seriously at all . . . we're not dealing with an adult, we're dealing with a fourteen year old child. You knew she was fourteen. You didn't care. . .
(Tr.p. Continued Sentencing 6-7). The trial court properly considered Flick's prior criminal record when it imposed Flick's sentence.
 {¶ 15} With respect to the PSI, Flick argued the report was incorrect with respect to who wrote a letter to whom while Flick was in prison. Other than a preliminary mention of this dispute, we cannot find any other mention of this allegation in the record. Flick's counsel stated:
 And with all due respect to Mr. Wurm, um, somehow it got flip-flopped who was sending letters to whom while Mr. Flick was in the jail. Um, the truth to it and the reality is the young woman *Page 9 in question was sending letters to him using a fake name. He has Mr. Flick sending the letters to her somehow, and that's just not true. Uh, we have the letters, some of them, here if you'd like to see.
(Tr.p. Continued Sentencing 1).
 {¶ 16} However, the specific consideration of the letters was never mentioned by the trial court in sentencing Flick. Nor has Flick alleged how this proposed mischaracterization of information influenced his sentence. In sum, there was no evidence offered to support Flick's dispute of the PSI report and no additional mention of these letters during sentencing.
 {¶ 17} The Court in Mathis also gave trial courts full discretion to impose a prison term within the statutorily allowed range.Mathis at ¶ 37. Pursuant to R.C. 2929.14(A),
 . . . [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 * * *
 (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
Accordingly, we note that Flick's 18 month sentence was within the statutorily allowed range for a felony of the fourth degree. Moreover, we find no merit to Flick's argument that his sentence imposes an unnecessary burden on government *Page 10 
resources and is disproportionate to his criminal act, a fourth degree felony. This Court has previously held that no precedent exists for this type of argument. State v. Bartholomew, 3rd Dist. No. 3-06-16, 2007-Ohio-3130.
 {¶ 18} Based on the foregoing, we find that the trial court properly considered the factors contained in R.C. 2929.11 and R.C. 2929.12 in sentencing Flick and that his sentence is supported by the record. Therefore, Flick's assignments of error are overruled and the July 10, 2007 Judgment Entry of the Court of Common Pleas of Crawford County, Ohio is affirmed.
Judgment Affirmed
 PRESTON and WILLAMOWSKI, J.J., concur. *Page 1