OPINION *Page 2 
{¶ 1} Defendant-appellant, Eric Blake Kanniard (hereinafter "Kanniard"), appeals the sentence imposed by the Marion County Court of Common Pleas. For the reasons that follow, we affirm the trial court's imposition of an aggregate eight year term of imprisonment; however, we reverse the trial court's order of restitution to the Ohio Attorney General's Office.
 {¶ 2} On February 21, 2007, the Marion County Grand Jury indicted Kanniard on one count of involuntary manslaughter, in violation of R.C.2903.04(B), a third degree felony, with a three year firearm specification pursuant to R.C. 2941.145/2929.14(D). The indictment stemmed from an incident on February 19, 2007, in which Kanniard pointed a .22 caliber rifle at Joshua Moore. (Tr. 5/11/07 at 9-11). The gun Kanniard was pointing discharged and one bullet struck Moore, who died. (Id.). Kanniard's blood-alcohol content was later determined to be 0.16. (Id. at 10).
 {¶ 3} On April 11, 2007, Kanniard pled guilty, and the trial court accepted his plea. (Id. at 11). On May 18, 2007, the trial court sentenced Kanniard to a term of five years imprisonment on the involuntary manslaughter count and to a mandatory term of three years imprisonment on the firearm specification. (J.E. *Page 3 
5/18/07). The trial court further ordered that the terms of imprisonment be served consecutively, for an aggregate term of eight years imprisonment. (Id.).
 {¶ 4} It is from this sentence that Kanniard appeals and asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED AN ERROR IN LAW AND ABUSED ITS DISCRETION BY IMPOSING A SENTENCE IN VIOLATION OF THE SIXTH AND FOURTHEENTH [SIC] AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE MANDATES OF OHIO REVISED CODE § 2929.12-§ 2929.14.
 {¶ 5} In his sole assignment of error, Kanniard argues that the trial court abused its discretion when it ignored the sentencing guidelines set forth in R.C. 2929.12 — 2929.14, and the Sixth andFourteenth Amendments to the United States Constitution. Kanniard argues that the record reflects that mitigation factors outweigh the punishment factors, including: defendant's lack of a prior record, defendant showed remorse, and the defendant did not intend to harm the victim. Finally, Kanniard points to the prosecutor's statements on the record regarding inaccurate facts and argues, "by relying upon the various victim impact statements in this case, the Court considered erroneous facts and therefore abused its discretion."
 {¶ 6} The Ohio Supreme Court has held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer *Page 4 
required to make findings or given their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 100. Generally, we review sentences under an abuse of discretion standard. State v.Rhoads, 3d Dist. No. 5-07-10, 2007-Ohio-5386, ¶ 4, citing State v.Park, 3d Dist. No. 3-06-14, 2007-Ohio-1084; State v. McLaughlin, 3d Dist. No. 3-06-19, 2007-Ohio-4114, ¶ 12, citing Foster, supra, at ¶¶ 100, 102 and State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767. Accordingly, we review Kanniard's sentence under an abuse of discretion standard. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, citations omitted.
 {¶ 7} This court has previously noted that "[t]he Court inFoster also held that trial courts must still comply with R.C. 2929.11, R.C. 2929.12, R.C. 2929.13, and the remaining provisions of R.C. 2929.14
and that R.C. 2929.11 and R.C. 2929.12 apply as a general guide for every sentencing." McLaughlin, 2007-Ohio-4114, at ¶ 9, citations omitted. In addition, "R.C. 2929.11 and R.C. 2929.12 do not mandate judicial fact-finding; rather, in exercising its discretion, a court is merely required to `consider' the purposes of sentencing in R.C. 2929.11
and the statutory guidelines and factors set forth in R.C. 2929.12." Id., citations omitted.
 {¶ 8} At the sentencing hearing, the prosecutor stated: *Page 5 
 One of my responsibilities is to make sure that he's fairly prosecuted, and the facts are fairly presented. There was a couple of fact that weren't correct that were stated, and I do think it's appropriate that the record reflect that.
 The evidence — and I think everyone involved in this case, both that was involved professionally from law enforcement to my office, were satisfied that the Defendant did not intentionally pull the trigger. He made some mistakes, made some decisions, made some choices he should have never made. Both he and the victim were, you know, underage drinking. They shouldn't have been doing that. Defendant shouldn't been handling a firearm, and he absolutely should not have been pointing a firearm, you know, at the victim.
 It is incorrect, though, I mean, he did not make a verbal threat to shoot the victim. There is no evidence of that. The people in the house — and there were three others in the house — Dan West, Josh Howard, and Rebecca Douglas. One had, I think maybe a sip or so, but tested almost non-existent and the others didn't drink at all.
 * * *
 {¶ 9} At the sentencing hearing, the trial court stated:
 I have read all the victim impact statements twice. I have read the PSI several times. I've considered the seriousness factors; I've considered the recidivism factors. What impresses me the most about this entire situation is the need to convey to the young people of this community and to Central Ohio in general that the mixture of alcohol and dangerous instrumentalities, be it a gun, a car, is just something that the law can not stand, society can not stand, and has to be dealt with. It has to be dealt with severely.
(T. 5/17/07 at 37-38). The trial court then sentenced Kanniard to five years imprisonment and ordered that the mandatory three year firearm specification be served consecutively, thus imposing the maximum sentence. *Page 6 
 {¶ 10} After reviewing the record, we find that the trial court considered the applicable sentencing statutes when it sentenced Kanniard. At the sentencing hearing the trial court specifically noted that it had considered the seriousness and recidivism factors. (Tr. 5/17/07 at 37). In addition, the trial court stated in its judgment entry that it considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and the factors listed in R.C. 2929.12. (J.E. 5/18/07).
 {¶ 11} The prison terms for a third degree felony are one, two, three, four, or five years of imprisonment, and the trial court sentenced Kanniard within the applicable sentencing range for the third degree felony. R.C. 2929.14(A)(3). Moreover, the firearm specification involved a mandatory prison term of three years, and the trial court sentenced Kanniard to the mandatory three year prison term. R.C. 2929.145; R.C.2929.14(D)(ii).
 {¶ 12} Although Kanniard argues the mitigation factors outweigh the punishment factors, including Kanniard's lack of a prior record, that he showed remorse, and he did not intend to harm the victim, we cannot find that the trial court abused its discretion in sentencing Kanniard. Kanniard pointed a gun at the victim, the gun discharged, and the victim died as a result of Kanniard's conduct.
 {¶ 13} Moreover, although the victim impact statements may have been erroneous, the prosecuting attorney pointed out the errors at the sentencing hearing. While the trial court indicated that he had read all the victim impact *Page 7 
statements, there is no indication that he relied on the victim impact statements. In addition, there is nothing in the record to indicate that the trial court relied on any erroneous statements in deciding what sentence to impose.
 {¶ 14} After reviewing the record, we find that the trial court did not abuse its discretion in sentencing Kanniard to an aggregate prison term of eight years.
 {¶ 15} However, in the sentencing entry the trial court ordered Kanniard to pay restitution of $7,542.60 to Ohio Attorney General's Office, Crime Victims Reparations.
 {¶ 16} "The version of R.C. 2929.18 in effect until June 1, 2004, specifically provided for restitution to the victim or to third parties." State v. Didion, 3d Dist. No. 13-06-25, 2007-Ohio-4494, ¶ 27, citing State v. Kreischer, 109 Ohio St.3d 391, 2006-Ohio-2706,848 N.E.2d 496; State v. Bartholomew, 3d Dist. No. 3-06-16, 2007-Ohio-3130, ¶ 25, citations omitted. "However, in 125 Am. Sub. H.B.52, the General Assembly deleted the provision allowing trial courts to award restitution to third parties." Id. Accordingly, we have previously held that "R.C. 2929.18(A)(1) authorizes trial courts to order the payment of restitution to crime victims but not to third parties." Id. at ¶ 29. This court has previously found that the trial court committed plain error when it ordered a defendant to pay restitution to a third party.Bartholomew, 2007-Ohio-3130, at ¶¶ 22-26. *Page 8 
 {¶ 17} In the present case, the offense occurred on February 19, 2007, and we will consider the version of R.C. 2929.18 which was in effect when the offence occurred. On the date the offense occurred, R.C.2929.18 did not authorize restitution to third parties. See R.C.2929.18; Didion, 2007-Ohio-4494, at ¶¶ 27-29; Bartholomew,2007-Ohio-3130, at ¶¶ 25-26.
 {¶ 18} Accordingly, we find that the trial court committed plain error when it ordered Kanniard to pay restitution to the Ohio Attorney General's Office, a third party, and thus, we reverse the trial court's order of restitution as to the Ohio Attorney General's Office.
 {¶ 19} Having found no error prejudicial to appellant herein regarding the term of incarceration, we affirm the trial court's judgment as to the conviction and the term of incarceration. However, we reverse the trial court's order of restitution to the Ohio Attorney General's Office, Crime Victims Reparations in the amount of $7, 542.60, and strike it from the sentencing judgment entry.
Judgment Affirmed in part, and Reversed in part.
 WILLAMOWSKI and ROGERS, JJ., concur. *Page 1