JOURNAL ENTRY and OPINION
{¶ 1} Defendant Alfred Reese appeals from his conviction for robbery, arguing that the evidence is insufficient and that his conviction contravenes the manifest weight of the evidence. We find no error in the proceedings below and affirm.
 {¶ 2} Appellant was charged with robbery in a one count indictment filed October 13, 2004. He waived his right to a jury trial, and proceeded to trial before the court on November 18, 2004. Store security employees Paul Albrecht and Carl Pantejo and University Heights Police Officer Brian Lombardo testified for the state; appellant testified in his own behalf. Albrecht testified that he was employed by Target as an Asset Protection Specialist. On September 9, 2004 at approximately 6:30 p.m., he was conducting closed circuit television surveillance at the Target store in University Heights, Ohio when he observed a woman in the electronics department with many CDs in her hand who appeared to be selecting items rapidly, without regard to price. Albrecht saw the appellant approach the woman with a cart which contained a purse. Appellant opened the purse and the woman put the CDs in it.
 {¶ 3} Albrecht called the police and informed them that there was a theft in progress, then contacted Carl Pantejo, a uniformed door security officer, and asked him to approach the exit door from the outside and apprehend appellant and the woman. When appellant and the woman went out the door, electronic sensors triggered an alarm. Pantejo stopped them, and Albrecht went out to meet them in the vestibule. Although there were security cameras in the vestibule, appellant and the woman moved toward Albrecht, causing him to back up under the camera, so the camera did not record what happened.
 {¶ 4} Both appellant and the woman denied any wrongdoing. The woman put the purse down and attempted to leave. Albrecht put his hand on her and appellant began swinging his fists at Albrecht and Pantejo. Appellant actually struck Albrecht once. Albrecht had a slight bruise on his arm for a few days. No photographs were taken of the bruise.
 {¶ 5} Pantejo testified that the altercation which resulted in Appellant striking Albrecht occurred outside the vestibule in the parking lot. Police officer Lombardo testified that the first thing he saw was appellant and the woman running toward a car. When appellant saw the police, he stopped and laid down on the ground. Appellant denied that he swung at either Albrecht or Pantejo.
 {¶ 6} At the conclusion of the trial, the court found the appellant guilty of robbery. The court subsequently sentenced him to two years' community control on the condition that appellant participate in electronic home monitoring for ninety days, perform 200 hours of community service, and submit to random drug testing.
 {¶ 7} Appellant now urges that the evidence is insufficient to support his conviction for robbery. Robbery is defined by R.C. 2911.02 as follows:
 {¶ 8} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 9} "* * *
 {¶ 10} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 {¶ 11} "* * * *"
 {¶ 12} Appellant argues that the single punch to Albrecht's arm resulting in a slight bruise did not constitute "physical harm." R.C.2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Bruising constitutes "physical harm"; indeed, bruising may even constitute "serious physical harm." See, e.g., Cleveland v. Marek
(Feb. 6, 1997), Cuyahoga App. No. 70670; State v. Worrell, Franklin App. No. 04AP-410, 2005-Ohio 1521, ¶ 49.
 {¶ 13} Furthermore, appellant struck out at Albrecht several times. Although he did not succeed in inflicting more harm on Albrecht, the factfinder could certainly conclude that he attempted to do so. Therefore, we overrule the first assignment of error.
 {¶ 14} Appellant also argues that his conviction contravened the manifest weight of the evidence. He points first to the conflict in the testimony of Albrecht and Pantejo as to where the altercation took place, and second to the absence of photographic evidence of the bruising sustained by Albrecht. Albrecht's and Pantejo's versions of the events differ only by a matter of a few feet on either side of a door and did not critically affect the credibility of either witness's testimony. The absence of photographic evidence of the bruising is not surprising because the bruise did not appear until later. Therefore, we cannot say that these discrepancies clearly caused the court to lose its way or create a manifest miscarriage of justice. Accordingly, we overrule the second assignment of error.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and McMonagle, J. concur.