OPINION
{¶ 1} Defendant-appellant Walter E. Park, Jr. ("Park") brings this appeal from the judgment of the Court of Common Pleas of Crawford County sentencing him to a term of five years in prison.
 {¶ 2} On March 13, 2006, Park was indicted for one count of gross sexual imposition, a third degree felony. Park entered a not guilty plea to the indictment on April 6, 2006. On May 15, 2006, Park withdrew his not guilty plea and entered a non-negotiated guilty plea. The trial court held a sentencing hearing on June 19, 2006, and ordered a sentence of five years in prison. Park appeals from this judgment and raises the following assignments of error.
 The trial court erred in sentencing [Park] to prison for five years for a third degree felony.
 The trial court erred by incarcerating [Park] for five years, where such incarceration is an unnecessary burden on government resources and is disproportionate to his criminal act.
 The trial court erred by incarcerating [Park] for five years, where the trial court failed to properly apply State v. Foster when sentencing [Park].
 The trial court erred by improperly considering uncharged conduct allegedly committed by [Park].
 The trial court erred by incarcerating [Park] for five years, where the trial court failed to properly consider the advanced age of [Park]. *Page 3 
 {¶ 3} In his first assignment of error, Park claims that the trial court erred in sentencing him to five years in prison for a conviction on a third degree felony. Park argues that there was no reason why he should not have received community control, or in the alternative, a minimum sentence. In essence, Park is arguing that the trial court did not consider all the factors set forth in R.C. 2929.12. This court has previously considered this argument in State v. Ransom, 3rd Dist. No. 15-06-05, 2006-Ohio-6490. InRansom, this court held as follows.
 [T]he Supreme Court has recently held in State v. Foster (2006), 109 Ohio St.3d 1, at syllabus # 7, that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." In addition, the Supreme Court stated "[o]ur remedy does not rewrite the statutes, but leaves courts with full discretion to impose prison terms within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings of fact that Blakely prohibits." Id. at ¶ 102. "Courts shall consider these portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 In addition, Foster altered the appellate court's standard of review for sentencing appeals from "clear and convincing" to "abuse of discretion." Id. at ¶ 100 and 102. Accordingly, we must review this sentence under the abuse of discretion standard. In order to find an abuse of discretion, we must find that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Page 4 
Ransom, at ¶ 35-36.
 {¶ 4} The range of sentences for a third degree felony is one to five years in prison. R.C. 2929.14(A)(3). The trial court sentenced Park to five years, although this is the maximum sentence, it is still within the range of sentences permitted by statute. Thus, the trial court did not abuse its discretion. The first assignment of error is overruled.
 {¶ 5} Park next argues that the sentence imposed places an unnecessary burden on the government and is disproportionate to the crime committed. The argument raised by Park is that he has never served a community control sanction or prior prison term, has shown remorse, is no longer abusing substances, has taken responsibility for his actions, and is not a violent offender. Thus, Park argues, he should not have received a maximum sentence. Although all of these facts are to be considered as mitigation and against the imposition of a maximum sentence, they do not mandate a lesser sentence. The trial court stated as follows.
 Mr. Park, I have considered the PSI, considered for the purposes of sentencing and Ohio law and have further reviewed the sentencing factors also pursuant to Ohio law. Recidivism is a factor, as well as I indicated the sentencing factors. I've also reviewed the facts of this case, which I find shocking, to say the least, disgusting to say the most. The harm that you've caused to your victim is beyond measure. I'm not saying you don't feel remorseful, I'm not talking about remorse. Did you not know the harm you did? * * * Deterrence is a factor here, too, punishment for you, deterrence for others. *Page 5 
 The Court takes no joy in this. But it's going to be the sentence of this Court: I sentence you to Lorain Correctional Institution for a period of five years.
Sentencing Tr., 6-7. A review of the record indicates that the arguments made by Park were also made to the trial court. The trial court indicates that the mitigating factors were considered. However, the trial court still chose to impose the sentence. Since there is some evidence to support the trial court's judgment, this court cannot find that it abused its discretion. Thus, the second assignment of error is overruled.
 {¶ 6} In the third assignment of error, Park claims that the trial court erred in sentencing him to five years because of the ex post facto effect of applying a sentence more severe than the minimum. This court notes that the Supreme Court's ruling in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, finding portions of the sentencing statutes unconstitutional was released in February 2006. Park was indicted in March of 2006, and entered his guilty plea on May 15, 2006. Thus the indictment and guilty plea were both post Foster. Therefore, Park was aware of the trial court's broad discretion in imposing sentences, the range of sentences, and the fact that the minimum sentence was no longer required. No ex post facto application of the law exists in this situation. The third assignment of error is overruled. *Page 6 
 {¶ 7} Park claims in the fourth assignment of error that the trial court erred in considering uncharged conduct. Uncharged conduct was stated in the presentence investigation, which was considered by the trial court. Park claims that because the trial court found his behavior to be shocking, the trial court must believe that he was guilty of the conduct and considered that guilt in sentencing. The determination of guilt of other acts in sentencing without the benefit of either a guilty plea or a trial was found to be prejudicial by this court in State v.Blake, 3rd Dist. No. 14-03-33, 2004-Ohio-1952. InBlake the trial court considered dismissed charges during sentencing and even stated on the record that it believed the defendant was guilty of those charges. "Although all of these things can be considered to determine likelihood to recidivate, they cannot be the sole basis for imposing the maximum sentence." Id. at ¶ 6. To allow that would permit a defendant to be punished for offenses without a trial or an opportunity to defend oneself by cross-examining the witnesses. Id.
 {¶ 8} This case, however, is distinguishable from Blake. Unlike inBlake, where the trial court's sole reason for the maximum sentence was the belief that the defendant had committed the dismissed charges, the trial court in this case has other reasons for imposing the maximum sentence. Park was convicted of gross sexual imposition for his acts towards his daughter. By doing so he abused the trust of his position as father and used the young age of his victim to his benefit. *Page 7 
He also had a history of substance abuse that he confessed contributed to the offense. Additionally, the victim in this case requested that Park be sentenced to the maximum sentence. Despite what Park argues, a reasonable person could believe that the commission of gross sexual imposition by a father towards his daughter is deserving of a maximum sentence. Therefore the trial court did not abuse its discretion in imposing the maximum sentence. The fourth assignment of error is overruled.
 {¶ 9} Finally, Park argues that the trial court erred in not considering his "advanced age" during sentencing. Park alleges that the fact that he is older indicates he is less likely to repeat his offense and thus deserves a shorter prison term. This is not a factor that the trial court is required to consider by statute and no evidence was presented to the trial court on this matter. Since the issue was not raised in the trial court, it shall not be considered here. The fifth assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Crawford County is affirmed.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur. *Page 1