OPINION *Page 2 
{¶ 1} Defendant-appellant Tyler Rhoads ("Rhoads") brings this appeal from the judgment of the Court of Common Pleas of Hancock County sentencing him to serve a total of 48 years in prison.
 {¶ 2} On September 2, 2005, Rhoads was indicted on six counts of rape in violation of R.C. 2907.02(A)(1)(b) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). All of the rape counts carried a specification that the victim was under ten years of age. On August 1, 2006, Rhoads entered a plea of guilty to each of the six counts of rape. The State, pursuant to the plea agreement, dismissed the age specifications on the counts and the count of gross sexual imposition. On September 20, 2006, the sentencing hearing was held. Rhoads was sentenced to serve a prison term and ordered to pay restitution. Rhoads appealed the sentence, but the appeal was dismissed for lack of a final appealable order. A final order of sentencing was filed on March 9, 2007. This order sentenced Rhoads to a prison term of eight years on each of the six counts and ordered that the sentences be served consecutively. Rhoads appeals from this judgment and raises the following assignment of error.
 The trial court erred when it sentenced [Rhoads] to serve a prison term that exceeded minimum, concurrent terms of incarceration. *Page 3 
 {¶ 3} In support of the assignment of error, Rhoads claims that his sentence violates his constitutional rights because it relies upon facts not found by a jury or admitted by the defendant. Rhoads first argument is that the remedy adopted by Ohio Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, violates the ex post facto clause and the due process clause of the United States Constitution. This court has previously addressed the question of whether the Foster decision violates the due process and ex post facto clauses of the United States Constitution and the Ohio Constitution inState v. McGee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162. In McGhee, this court carefully analyzed the holding in Foster in relation to both constitutions and found no violation because it did not affect a vested right and did not change the possible sentence range. Id. at ¶ 23-26. Likewise in this case, Rhoads was always subject to possibly receiving the sentence imposed because it is within the range of permissible sentences. Additionally, the trial court had the authority to order the sentences served consecutively prior to the opinion in Foster. The only difference is that the trial court was then required to make findings to support the sentence and now is not.
 {¶ 4} Rhoads also argues that the trial court's sentences were based upon facts neither admitted by the defendant or found by a jury. UnderFoster, a trial court is no longer required to state why it imposes more than the minimum *Page 4 
sentence or why it imposes consecutive sentences. State v. Park, 3rd Dist. No. 3-06-14, 2007-Ohio-1084. Instead the trial court has full discretion to impose any prison term within the basic ranges set by statute. Id. The trial court also has full discretion to impose consecutive sentences. Id. The standard of review of a sentence is one of abuse of discretion. Id. Since the sentences imposed for each count were within the statutory range, the trial court did not abuse its discretion in imposing the sentences or requiring the sentences to be served consecutively. The assignment of error is overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Hancock County is affirmed.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J., concur. *Page 1