OPINION
{¶ 1} Defendant-appellant Gregory Cunningham ("Cunningham") brings these appeals from the judgments of the Court of Common Pleas of Allen County.
 {¶ 2} On May 6, 1997, Cunningham entered guilty pleas to one count of aggravated robbery with a firearm specification in case number CR97-04-0104 and to one count of felonious assault with a firearm specification in case number CR97-04-0105. The trial court ordered Cunningham to serve a total prison term of nine years in the first case. Then the trial court sentenced Cunningham to a total prison term of eight years in the second case with the second case to be served consecutively to the sentence in the first case. This led to an aggregate sentence of seventeen years.
 {¶ 3} On August 27, 2007, Cunningham filed a motion for resentencing in case number CR97-04-0104 based upon the trial court's failure to adequately advise him of post-release control. The motion was denied because the sentence *Page 3 
in that case had already been completed by the time the motion was filed. On August 28, 2007, Cunningham filed a motion for resentencing in case number CR97-04-0105 for the same reason. The State conceded that the original sentence was void due to the failure to properly advise Cunningham. On October 15, 2007, a new sentencing hearing was held. The trial court then sentenced Cunningham to the same eight year prison term he had previously received in this case. The Ohio Department of Rehabilitation and Correction apparently sought clarification concerning whether Cunningham's sentence in the current case was to run consecutively or concurrent with the sentence Cunningham had previously served in CR97-04-0104. The trial court subsequently filed a nunc pro tunc entry on October 24, 2007, to clarify its intent and then held another hearing on November 5, 2007. At that hearing, the trial court specifically sentenced Cunningham to eight years in prison to be served consecutive to the sentence in CR97-04-0104. Cunningham appeals from the judgment of October 15, 2007, in appellate case number 1-07-69, and from the judgment entries of October 24, 2007, and November 5, 2007, in appellate case number 1-07-81. Cunningham raises the following assignments of error.
 First Assignment of Error The judgment entry of re-sentencing from October 15, 2007, imposed a sentence in this case that was imposed in violation of the United States Constitution, as the statutory findings to justify enhancement of a non-minimum sentence and of consecutive *Page 4 sentencing were not subjected to due process protections, including the rights to presentment to a grand jury, proof beyond a reasonable doubt, and trial by jury, among others, as required per Apprendi and Blakely.
 Second Assignment of Error The judgment entry of re-sentencing from October 15, 2007, imposed a sentence of eight (8) years of incarceration consecutive to the sentence imposed in CR97-04-0104, imposed in this case as a result of imposing a non-minimum sentence and a mandatory specification sentence and consecutive sentencing, and that sentence was imposed in violation of Ohio sentencing law, being a non-minimum sentencing for a first offender without sufficient statutory findings to justify that enhancement and consecutive sentencing without sufficient statutory findings for consecutive sentencing.
 Third Assignment of Error The nunc pro tunc entry from October 24, 2007, if it is a valid entry, imposed a sentence of eight (8) years of incarceration consecutive to the sentence imposed in CR97-04-0104, imposed in this case as a result of imposing a non-minimum sentence and a mandatory specification sentence and consecutive sentencing, and that sentence was imposed in violation of Ohio sentencing law, being a non-minimum sentencing for a first offender without sufficient statutory findings to justify that enhancement and consecutive sentencing without sufficient statutory findings for consecutive sentencing. *Page 5 
 Fourth Assignment of Error The nunc pro tunc entry from October 24, 2007, if it is a valid entry, imposed a sentence in this case that was imposed in violation of the United States constitution, as the statutory findings to justify enhancement of a non-minimum sentence and of consecutive sentencing were not subjected to due process protections, including the rights to presentment to a grand jury, proof beyond a reasonable doubt, and trial by jury, among others, as required per Apprendi and Blakely.
 Fifth Assignment of Error The amended judgment entry of re-sentencing from November 15, 2007, if it is a valid entry, imposed a sentence of eight (8) years of incarceration consecutive to the sentence imposed in CR97-04-0104, imposed in this case as a result of imposing a non-minimum sentence and a mandatory specification sentence and consecutive sentencing, and that sentence was imposed in violation of Ohio sentencing law, being a non-minimum sentencing for a first offender without sufficient statutory findings to justify that enhancement and consecutive sentencing without sufficient statutory findings for consecutive sentencing.
 Sixth Assignment of Error The nunc pro tunc entry of re-sentencing, dated October 24, 2007, if it is a valid entry, imposed a sentence in this case that was imposed in violation of the United States Constitution, as the statutory findings to justify enhancement of a non-minimum sentence and of consecutive sentencing were not subjected to due process protections, including the rights to presentment to a grand jury, proof beyond a reasonable doubt, and trial by jury, among others, as required per Apprendi and Blakely.
 Seventh Assignment of Error The trial court lacked jurisdiction to amend the sentence imposed upon [Cunningham] on October 15, 2007, by the issuance of the document called nunc pro tunc entry, dated *Page 6 October 24, 2007, because the sentencing entry from October 15, 2007, was a final appealable order and because [Cunningham] had already been delivered to the institution to serve his period of incarceration, such act being without jurisdiction and in violation of the right of the accused to due process of law under the United States Constitution and under the Ohio Constitution.
 Eighth Assignment of Error The act of the trial court on October 24, 2007, violated [Cunningham's] right under the United States Constitution and under the Ohio Constitution to be free from twice being in jeopardy for the same offense.
 Ninth Assignment of Error The act of the trial court on October 24, 2007, violated [Cunningham's] right under the United States Constitution and under the Ohio Constitution to be present at all critical stages of his case.
 Tenth Assignment of Error The trial court lacked jurisdiction to amend the sentence imposed upon [Cunningham] on October 15, 2007, by the issuance of the document called an amended judgment entry of re-sentencing, dated November 5, 2007, because the sentencing entry from October 15, 2007, was a final appealable order and because [Cunningham] had already been delivered to the institution to serve his period of incarceration, such act being without jurisdiction and in violation of the right of the accused to due process of law under the United States Constitution and under the Ohio Constitution.
 Eleventh Assignment of Error The act of the trial court on November 5, 2007, violated [Cunningham's] right under the United States Constitution and under the Ohio Constitution to be free from twice being in jeopardy for the same offense. *Page 7 
 Case No. 1-07-69 {¶ 4} Cunningham argues in his first assignment of error that the application of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, in this case violates the ex post facto clause of the United States Constitution and violates his right to due process. This court has previously addressed these claims in State v. McGhee. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162. InMcGee, this court found that the Foster decision does not violate the due process clause or the ex post facto clause. Id. See also State v.Sommerfield, 3rd Dist. No. 14-07-09, 2007-Ohio-6427. The Ohio Supreme Court has denied review of that decision. State v.McGhee, 112 Ohio St.3d 1491, 2007-Ohio-724, 862 N.E.2d 118. For the reasons stated in McGee, Cunningham's first assigment of error is overruled.
 {¶ 5} In Cunningham's second assignment of error, he claims that the trial court erred by imposing more than the minimum sentence without making statutory findings. Under the Supreme Court's holding inFoster, a trial court is no longer required to state why it imposes more than the minimum sentence or why it imposes consecutive sentences.State v. Parks, 3rd Dist. No. 3-06-14, 2007-Ohio-1084, see also State v. Rhoads, 3rd Dist. No. 5-07-10,2007-Ohio-5386. Instead, the trial court has full discretion to impose any prison term within the basic ranges set by statute without any findings required. Parks, supra. Thus, *Page 8 
the trial court did not err by failing to make findings of fact. The second assignment of error is overruled.
 {¶ 6} Having found no prejudicial error with the October 15, 2007, judgment entry, the trial court's judgment is affirmed. The assignments of error related to appellate case number 1-07-69 are overruled.
 Case No. 1-07-81 {¶ 7} Cunningham's fourth and sixth assignments of error question whether the nunc pro tunc and the November 5, 2007, resentencing violate his due process rights. As discussed above, this court has previously held that the application of Foster does not violate the due process or ex post facto clauses of the United States Constitution.McGhee, supra. Thus, the fourth and sixth assignments of error are overruled.
 {¶ 8} The third and fifth assignments of error question whether the trial court erred by entering a judgment without stating its reasons for doing so on the record. This issue was also discussed above and this court held that the trial court is no longer required to make findings of fact to impose more than a minimum sentence. Parks, supra. Thus, the third and fifth assignments of error are overruled. *Page 9 
 {¶ 9} In the seventh assignment of error, Cunningham claims that the trial court erred in entering a nunc pro tunc entry modifying his October 15, 2007, sentence.
 The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken. * * * It does not extend beyond the power to make the journal entry speak the truth * * * and can be exercised only to supply omissions in the exercise of functions which are merely clerical. * * * It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide.
McKay v. McKay (1985), 24 Ohio App.3d 74, 75, 493 N.E.2d 317.
 {¶ 10} Here, the trial court clearly considered whether to make the sentence consecutive or concurrent. The trial court stated that it intended for the sentence to be consecutive. However, the trial court also stated that it intended to leave out of the sentencing order any determination as to whether the sentence should be consecutive or concurrent. The October 15, 2007, journal entry was silent on this issue, thus indicating that the journal entry was consistent with the trial court's stated intentions. The trial court's nunc pro tunc entry stated that the sentence was to be consecutive rather than concurrent. This modification is not an attempt to fix an omission which was merely clerical, but is a change in the terms of the sentence. Therefore, the trial court erred in entering the nunc pro tunc entry and it is void. The seventh assignment of error is sustained. *Page 10 
 {¶ 11} In Cunningham's tenth assignment of error he alleges that the trial court erred in entering the November 5, 2007, entry which modified the October 15, 2007 entry. Specifically, Cunningham argues that since he had already begun serving his sentence, the trial court lacked jurisdiction to modify the terms of the sentence. Once a trial court's valid sentence has been executed, the trial court may no longer amend or modify the sentence except to correct a clerical error or to correct a void sentence. State v. Garretson (2000), 140 Ohio App.3d 554,748 N.E.2d 560. After the execution of a sentence, the trial court may not modify a sentence by increasing the severity of the punishment through an amendment. State v. Elliott (1993), 86 Ohio App.3d 792,621 N.E.2d 1272. "If the trial court were able to modify an otherwise valid sentence `the defendant would have no assurance about the punishment's finality.'" State v. Neville, 9th Dist. No. 02CA0001, 2002-Ohio-5422, ¶ 6 (citing Brook Park v. Necak (1986),30 Ohio App.3d 118, 506 N.E.2d 936).
 {¶ 12} Here, the trial court resentenced Cunningham on November 5, 2007, and modified the October 15, 2007, sentence by stating that the sentence was to be served consecutive to a prior sentence. The issue is whether the trial court had the jurisdiction to do so since the sentence had been executed. This court held above that the October 15, 2007, entry sentencing Cunningham was valid. This court has also determined that the entry was not modified to correct a clerical *Page 11 
error. Thus neither of the exceptions to the prohibition on modifying the sentence were present. Since neither of the exceptions were present and the prior valid sentence had been executed, the trial court lacked jurisdiction to resentence Cunningham. This makes the November 5, 2007, entry void. For this reason, the tenth assignment of error is sustained.
 {¶ 13} The eighth, ninth, and eleventh assignments of error claim that the nunc pro tunc entry and the November 5 entry violated Cunningham's constitutional rights. Having found these entries to be void, these assignments of error are moot and need not be addressed.
 {¶ 14} For the reasons stated above, the October 15, 2007, judgment entry sentencing Cunningham and appealed in appellate case number 1-07-69 is affirmed. The October 24, 2007, and November 5, 2007, judgment entries appealed in appellate case number 1-07-81 are vacated.
Judgment in 1-07-69 affirmed.
 Judgments in 1-07-81 vacated.
 SHAW, P.J., and PRESTON, J., concur. *Page 1