OPINION *Page 2 
{¶ 1} Defendant-appellant, John W. Spears (hereinafter "Spears"), appeals the Crawford County Court of Common Pleas judgment of conviction and imposition of sentence on one count of aggravated burglary. For reasons that follow, we affirm.
 {¶ 2} Around 9:00 a.m. on March 1, 2007, Sally Castle accompanied her ex-husband, Ray Rister, to Farmers Citizens Bank in order to withdraw money from his account to pay some of his bills. (Oct. 4, 2007 Tr. at 63) Mr. Rister has diabetes and other medical issues, which inhibit his ability to attend to these matters on his own. (Id. at 63-64, 107). Ms. Castle withdrew $1,560.00 from Mr. Rister's account that day. (Id. at 67). While they were at the bank, Ms. Castle noticed Spears at the adjacent teller station. (Id. at 64-65, 110).
 {¶ 3} Ms. Castle and Mr. Rister recognized Spears because he had previously lived with Mr. Rister and next door to Ms. Castle. (Id. at 65). Ms. Castle asked Spears how he was doing and even invited him to attend church services with them. (Id.). Spears asked Mr. Rister for a ride home, so the three of them all drove to Spears' home to drop him off. (Id. at 66-67, 110).
 {¶ 4} Later that evening, Ms. Castle stopped over to Mr. Rister's apartment to watch television. (Id. at 105). Around 11:00 p.m. she returned to her apartment, next door, locked the door behind her, and prepared for bed. (Id. at 67). *Page 3 
Ms. Castle heard three loud bangs on the door. She went to investigate and discovered that the door had been kicked open and that Spears was in her apartment. (Id. at 67-68). Spears was wearing an olive green hooded sweatshirt, blue jeans, and tennis shoes. (Id. at 72-73). Spears attempted to conceal his identity by keeping his head low and pulling the hood down over his face, but Ms. Castle was able to see his face and identify him. (Id. at 72).
 {¶ 5} Ms. Castle attempted to prevent Spears from coming into the apartment by blocking him while yelling at him to stop. (Id. at 68). At one point, she called Spears by his first name to which the intruder responded, "I'm not John." (Id.). Ms. Castle was able to identify the voice as that of John Spears. (Id. at 68-69). Spears continued into the apartment shoving Ms. Castle out of his way at least three times. (Id. at 69-70). Spears went through various rooms in the apartment until he located the purse that Ms. Castle had placed money into earlier that day at the bank. (Id. at 70). Once Spears located the purse, he left the apartment. (Id. at 71).
 {¶ 6} Ms. Castle then called the Bucyrus Police Department and reported that she had been burglarized by John Spears. (Id.). The police located Spears, dressed only in a t-shirt, in the basement of a townhouse and placed him under arrest for the burglary. (Id. at 127-28). When the police questioned him about his whereabouts during the day, Spears indicated that he "hadn't been out all day." *Page 4 
(Id. at 129). During a subsequent search of the dwelling, the police located a pair of blue jeans that were stashed in Spears' neighbor's adjoining basement.[1] (Id. at 130-132). The blue jeans were soaking wet up to the knees and contained Spears' identification. (Id. at 132). The police also located a wet hooded sweatshirt and soaking wet black gym shoes at Spears' residence. (Id.); (Id. at 133). That the clothes were wet was significant because it was raining that day. (Id. at 133, 143). The police also found cash inside the residence, though the amount found is not clear.[2] Apparently, the police never located Ms. Castle's purse. (Id. at 98).
 {¶ 7} On March 12, 2007, Spears was indicted on one count of aggravated burglary pursuant to R.C. 2911.11(A)(1), a first degree felony. A jury trial commenced on October 4, 2007, and the jury returned a guilty verdict on October 5, 2007. Spears was sentenced to ten years imprisonment.
 {¶ 8} On October 23, 2007, Spears filed an appeal to this Court. Spears now appeals and asserts four assignments of error for review. We have elected to address Spears' assignments of error out of the order they appear in his brief.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN PERMITTING THE CONVICTION OF THE DEFENDANT WHERE THE STATE *Page 5 FAILED TO PROVE ITS CASE AGAINST DEFENDANT BEYOND A REASONABLE DOUBT.
 {¶ 9} In his first assignment of error, Spears argues that the trial court erred in permitting his conviction because the evidence against him was insufficient. Specifically, Spears argues that the trial court erred in overruling his Crim. R. 29 motion. The State, on the other hand, argues that the evidence was sufficient to convict Spears of aggravated burglary. We agree with the State.
 {¶ 10} Crim. R. 29(A) provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction for such offense or offenses.
"Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. This court has previously found that the Bridgeman standard "must be viewed in light of the sufficiency of evidence test * * *." State v.Foster (Sept. 17, 1997), 3d Dist. No. 13-97-09, at *2.
 {¶ 11} When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of *Page 6 
the crime proven beyond a reasonable doubt." State v. Jenks (1981),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 12} The crime of aggravated burglary is codified in R.C. 2911.11, which provides, in pertinent part:
 (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 {¶ 13} Spears argues that the evidence presented to the jury was insufficient to establish identity or, in other words, that he was the burglar; and therefore, the trial court erred in overruling his Crim. R. 29 motion. In support of this argument, Spears points out that Ms. Castle, the sole witness, told the police that: (1) the burglar was wearing a gray hooded sweatshirt, but the police recovered an olive green hooded sweatshirt from his home; and (2) the burglar did not have a beard or a mustache, but he has both a beard and a mustache. We find these arguments lack merit.
 {¶ 14} Although it may be true that Ms. Castle told the police that the burglar wore a gray hooded sweatshirt, she testified that the burglar had an olive green hooded sweatshirt. (Oct. 4, 2007 Tr. at 73). On cross-examination, Spears' *Page 7 
attorney asked Ms. Castle about this apparent contradiction. Ms. Castle explained that the hooded sweatshirt "looked gray in my living room because the lighting wasn't all that good." (Id. at 89). As to Spears' facial hair, Ms. Castle testified that she believed she told the police that the burglar did not have a beard or mustache. (Id. at 80, 89). However, during the police interview, Ms. Castle indicated that the burglar had facial hair, but it was not fully grown in as depicted in Spears' photograph. (Joint Ex. 1). Ms. Castle's statement was corroborated by Captain David Koepke's testimony that, on the night of his arrest, Spears did not have a "full beard and mustache" but "[h]e had facial hair, like straggle and scruffle." (Oct. 4, 2007 Tr. at 153).
 {¶ 15} These discrepancies, however, were offset by Ms. Castle's unequivocal and consistent identification of Spears as the burglar. Ms. Castle identified Spears, by name, as soon as he entered her home. (Id. at 68). She testified that she recognized the burglar's voice as that of Spears. (Id.). Right after the burglary, she informed the police that Spears was the burglar. (Id. at 71, 120). Ms. Castle provided a written statement to the police indicating that Spears was the burglar. (Id. at 86, 95-96); (Defendant's Ex. F). She also, without hesitation or reservation, identified Spears as the burglar from a photo array at the police station. (Oct. 4, 2007 Tr. at 89, 136); (Joint Ex. 1). Finally, Ms. Castle testified that she had no doubt that Spears was the burglar. (Oct. 4, 2007 Tr. at 72, 97-98). *Page 8 
 {¶ 16} Based upon all this evidence, we cannot conclude that there was insufficient evidence to establish that Spears was the burglar; and therefore, the trial court did not err in overruling Spears' Crim. R. 29 motion.
 {¶ 17} Spears' first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. Ill THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT OF AN AGGRAVATED BURGLARY, WHEN THERE WAS NO PROOF OF ANY ATTEMPT TO INFLICT OR THREATEN THE COMPLAINANT WITH PHYSICAL HARM.
 {¶ 18} In his third assignment of error, Spears argues that the trial court erred in convicting him of aggravated burglary because the State failed to show that he inflicted, attempted to inflict, or threatened to inflict physical harm against Ms. Castle. Spears argues that, at most, the evidence showed that he pushed Ms. Castle, and this does not constitute physical harm. We disagree.
 {¶ 19} To begin with R.C. 2911.11(A)(1) does not require actual physical harm; an attempt to cause physical harm is sufficient. The evidence showed that Spears shoved or pushed Ms. Castle more than three different times. (Oct. 4, 2007 Tr. at 69-70). The jury could infer from this evidence that Spears attempted to physically harm Ms. Castle.
 {¶ 20} In addition, the evidence established actual physical harm as that term is defined. `"Physical harm to persons' means any injury, illness, or other *Page 9 
physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). During the police interview, Ms. Castle stated that she hurt her elbow when Spears threw her against her bedroom dresser. (Joint Ex. 1, Admitted: Oct. 4, 2007 Tr. at 169). Ms. Castle showed the interviewing officer her elbow, and he indicated that it appeared red compared to her uninjured elbow. (Id.). From this evidence, the jury could have concluded that Spears did not just attempt to cause physical harm but actually caused physical harm to Ms. Castle. See e.g. State v.Adams, 12th Dist. No. CA2006-07-160, 2007-Ohio-2583, ¶ 50 ("kind of like a bruised feeling" or soreness is "physical harm" under R.C. 2901.01(A)(3)); State v. Reese, 8th Dist. No. 85902, 2005-Ohio-5724, ¶ 12
(slight bruise is "physical harm"). Furthermore, `"[w]hen there is no tangible, physical injury such as a bruise or cut, it becomes the province of the jury to determine whether, under the circumstances, the victim was physically injured, after reviewing all of the evidence surrounding the event."' State v. Collier, 9th Dist. No. 07CA009115,2008-Ohio-826, ¶ 14, quoting State v. Perkins (Mar. 27, 1998), 11th Dist. No. 96-P-0221, at *3.
 {¶ 21} Under the circumstances of this case, we cannot say that the jury had insufficient evidence to find that Spears attempted to cause physical harm or actually caused physical harm sufficient to find him guilty of aggravated burglary.
 {¶ 22} Spears' third assignment of error is, therefore, overruled. *Page 10 
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT COMMITTED PLAIN ERROR IN PERMITTING THE ADMISSION OF A PHOTOGRAPHIC ARRAY WHICH WAS DESCRIBED OF [SIC] "MUG SHOTS" OF INDIVIDUALS.
 {¶ 23} In his second assignment of error, Spears argues that the trial court committed plain error in permitting the introduction of the police photo array when the photos were described as "mug shots," leading the jury to believe that he had a criminal history. The State argues that the term "mug shot" was an isolated reference and did not constitute plain error. We agree with the State.
 {¶ 24} We recognize plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Landrum (1990), 53 Ohio St.3d 107, 110,559 N.E.2d 710, quoting State v. Long (1978) 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240. Under the plain error standard, the appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. State v. Waddell (1996),75 Ohio St.3d 163, 166, 661 N.E.2d 1043, citing State v. Moreland (1990),50 Ohio St.3d 58, 552 N.E.2d 894. *Page 11 
 {¶ 25} The reference to the police photo array as "mug shots" occurred in two instances: first, when Captain David Koepke testified regarding Ms. Castle's identification of Spears from the photo array; and second, when Koepke was asked about Spears' facial hair on cross-examination. Koepke testified:
 Q: I'm going to show you what has been marked as State's Exhibit Number 1. Are you familiar with State's Exhibit Number 1?
 A: Yes.
 Q: What is State's Exhibit Number 1?
 A: It's a photo array that was arranged at the Sheriff's Office. The Sheriff's Office has a program to make a line-up from mug shots and they provided this for us so we could use it for the statement.
 Q: Did you interview Ms. Castle?
 A: I interviewed Ms. Castle.
 Q: Did you show her that line-up?
 A: Yes, I did.
(Oct. 4, 2007 Tr. at 135-36). On cross-examination, Koepke testified:
 Q: Did he have a beard or a mustache or didn't he?
 A: Like in the picture, no, he had no full beard. Specifically these six pictures have facial hair because the one has facial hair.
 Q: When did you take that picture?
 A: I didn't take the picture, it's a mug shot.
(Id. at 152).
 {¶ 26} We cannot conclude that these statements constituted plain error. To begin with, the fact that the pictures may convey to the jury that the defendant had "some brush with the law" is not dispositive to whether the admission of the photo array was in error. State v.Camp (Dec. 23, 1982), 10th Dist. No. 82AP-575, at *2. *Page 12 
Rather, "[t]he critical determination to be made upon the facts of each case is whether the circumstances amounted to a clear reference to the commission of another crime * * *." Id., citing State v. Evans (Sept. 15, 1981), 10th Dist. No. 81AP-219. Reviewing the evidence in this case, we cannot conclude that the two "mug shot" statements "amounted to a clear reference to the commission of another crime." Id. Furthermore, Ms. Castle unequivocally and repeatedly identified Spears as the burglar, and as such, we cannot conclude that a manifest injustice occurred in this case. Landrum, 53 Ohio St.3d at 110, quotingLong, 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 27} Viewing all the evidence presented we cannot conclude that, but for these references to "mugs shots," the outcome of the trial clearly would have been different; and therefore, the admission of the photo array did not constitute plain error. State v. Seagraves (Feb. 6, 1990), 2d Dist. No. 2485, at *5-6. Waddell, 75 Ohio St.3d at 166, citingMoreland, 50 Ohio St.3d 58. See also, State v. Evans (Sept. 15, 1981), 10th Dist. No. 81AP-219, at *4, citing State v. Wilson (Mar. 5, 1981) 10th Dist. No. 80AP-516; State v. Lawson (Aug. 18, 1983), 8th Dist. No. 45631, at *3.
 {¶ 28} Spears' second assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. IV THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A MAXIMUM SENTENCE. *Page 13 
 {¶ 29} In his fourth and final assignment of error, Spears argues that the trial court erred when it sentenced him to the maximum term of imprisonment because he did not inflict or attempt to inflict or threaten any physical harm upon Ms. Castle. The State argues that the sentence was justified based on Spears' prior criminal record and the facts of this case. We agree with the State.
 {¶ 30} "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or given their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, ¶ 100. Generally, we review sentences under an abuse of discretion standard. State v. Rhoads, 3d Dist. No. 5-07-10, 2007-Ohio-5386, ¶ 4, citing State v. Park, 3d Dist. No. 3-06-14, 2007-Ohio-1084; State v. McLaughlin, 3d Dist. No. 3-06-19,2007-Ohio-4114, ¶ 12, citing Foster, supra, at ¶ 100, 102 and State v.Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 31} Spears' argument lacks merit. To begin with, we have already found that the evidence in this case was sufficient to find that Spears did, in fact, attempt to cause and actually caused physical harm to Ms. Castle. (See Assignment of Error No. III, supra). Furthermore, we are not otherwise persuaded that the trial *Page 14 
court abused its discretion in sentencing Spears to the maximum term of imprisonment.
 {¶ 32} Following the jury's verdict in this case, the trial court suggested that sentencing be postponed until a presentence investigation (PSI) could be completed. (Oct. 5, 2007 Tr. Vol. II, at 218-19). Spears, however, indicated that he wished to be sentenced immediately in order to begin the appeal process. (Id.). The State indicated that it would prefer that a PSI be conducted prior to sentencing. (Id. at 219). The trial court ultimately decided to conduct the sentencing without a PSI. (Id.). Spears was given an opportunity to speak prior to sentencing but declined to do so. (Id. at 220). Thereafter, the State gave the following recommendation:
 Mr. Murphy: Your Honor, the Defendant has a misdemeanor Arson conviction for `97. He also has convictions for trafficking in drugs in 2003, which he served 8 months in prison for concurrently with illegal assembly and possession of chemicals, and another trafficking in drugs.
 The Court: He has been in prison before?
 Mr. Murphy: Yes, he has. He also has been convicted of burglary looks like — I'm trying to see which year it was, it says 2006 in January. And also he has a forgery conviction. Your Honor, what the Defendant did in this case is outrageous and we're requesting a prison sentence according to what he did.
(Id.). The trial court then sentenced Spears to ten years imprisonment, the maximum term. (Id. at 221). Based upon this evidence, the trial court could have *Page 15 
reasonably concluded that the maximum sentence was appropriate to deter Spears from committing future criminal acts.
 {¶ 33} After our review of the record, including Spears' prior criminal record[3] and the record in this case, we cannot say that the trial court abused its discretion by sentencing Spears to the maximum term of imprisonment.
 {¶ 34} Spears' fourth assignment of error is, therefore, overruled.
 {¶ 35} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J. and ROGERS, J., concur.
[1] Captain David Koepke testified that Spears was located in a multi-family dwelling, which we have called a "townhouse." The basements of the dwelling are adjoining with a wall, but the wall is not complete and items could be thrown from one basement to the next through the floor rafters. (Oct. 4, 2007 Tr. at 127, 130).
[2] Captain Koepke testified that Spears provided him with a Farmers Citizens Bank withdrawal receipt for $880 that was time stamped 9:13 a.m. March 1, 2007, which indicates that the amount found was around $800.
[3] A post-sentence PSI was prepared, which shows that Spears had a lengthy criminal history that included: arson, criminal trespass, shoplifting, drug possession, thefts, parole violations, drug trafficking, illegal possession of chemicals for drug manufacturing, trafficking in cocaine, forgery, and burglary.