{¶ 58} I respectfully dissent.
 {¶ 59} The majority cites to a portion of App. R. 9(B) and contends that in order to review Mr. Hundzsa's assignments of error, he was required to supplement the record with a transcript of the sentencing hearing. Thus, the majority holds that this court has no choice but to presume the regularity of the proceedings below and affirm. I disagree.
 {¶ 60} App. R. 9(B) states in its entirety:
 {¶ 61} "(B) The transcript of proceedings; duty of appellant to order;notice to appellee if partial transcript is ordered.
 {¶ 62} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. The reporter is the person appointed by the court to transcribe the proceedings for the trial court whether by stenographic, phonogramic, or photographic means, by the use of audio electronic recording devices, or by the use of video recording systems. If there is no officially appointed reporter, App. R. 9(C) or 9(D) may be utilized. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
 {¶ 63} "Unless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the *Page 15 
record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App. R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal. If the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days after the service of the statement of the appellant, shall file and serve on the appellant a designation of additional parts to be included. The clerk of the trial court shall forward a copy of this designation to the clerk of the court of appeals.
 {¶ 64} "If the appellant refuses or fails, within ten days after service on the appellant of appellee's designation, to order the additional parts, the appellee, within five days thereafter, shall either order the parts in writing from the reporter or apply to the court of appeals for an order requiring the appellant to do so. At the time of ordering, the party ordering the transcript shall arrange for the payment to the reporter of the cost of the transcript.
 {¶ 65} "A transcript prepared by a reporter under this rule shall be in the following form:
 {¶ 66} "(1) The transcript shall include a front and back cover; the front cover shall bear the title and number of the case and the name of the court in which the proceedings occurred;
 {¶ 67} "(2) The transcript shall be firmly bound on the left side;
 {¶ 68} "(3) The first page inside the front cover shall set forth the nature of the proceedings, the date or dates of the proceedings, and the judge or judges who presided; *Page 16 
 {¶ 69} "(4) The transcript shall be prepared on white paper eight and one-half inches by eleven inches in size with the lines of each page numbered and the pages sequentially numbered;
 {¶ 70} "(5) An index of witnesses shall be included in the front of the transcript and shall contain page and line references to direct, cross, re-direct, and re-cross examination;
 {¶ 71} "(6) An index to exhibits, whether admitted or rejected, briefly identifying each exhibit, shall be included following the index to witnesses reflecting the page and line references where the exhibit was identified and offered into evidence, was admitted or rejected, and if any objection was interposed;
 {¶ 72} "(7) Exhibits such as papers, maps, photographs, and similar items that were admitted shall be firmly attached, either directly or in an envelope to the inside rear cover, except as to exhibits whose size or bulk makes attachment impractical; documentary exhibits offered at trial whose admission was denied shall be included in a separate envelope with a notation that they were not admitted and also attached to the inside rear cover unless attachment is impractical;
 {¶ 73} "(8) No volume of a transcript shall exceed two hundred and fifty pages in length, except it may be enlarged to three hundred pages, if necessary, to complete a part of the voir dire, opening statements, closing arguments, or jury instructions; when it is necessary to prepare more than one volume, each volume shall contain the number and name of the case and be sequentially numbered, and the separate volumes shall be approximately equal in length. *Page 17 
 {¶ 74} "The reporter shall certify the transcript as correct, whether in written or videotape form, and state whether it is a complete or partial transcript, and, if partial, indicate the parts included and the parts excluded.
 {¶ 75} "If the proceedings were recorded in part by videotape and in part by other media, the appellant shall order the respective parts from the proper reporter. The record is complete for the purposes of appeal when the last part of the record is filed with the clerk of the trial court."
 {¶ 76} This writer stresses that according to App. R. 9(B), an appellant need not provide an entire transcript, but may "* * * with the notice of appeal, * * * file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record * * *. * * * If the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days after the service of the statement of the appellant, shall file and serve on the appellant a designation of additional parts to be included.
 {¶ 77} "* * * If the appellant refuses or fails, within ten days after service on the appellant of appellee's designation, to order the additional parts, the appellee, within five days thereafter, shall either order the parts in writing from the reporter or apply to the court of appeals for an order requiring the appellant to do so."
 {¶ 78} Thus, based on App. R. 9(B), the prosecutor could have filed and served on Mr. Hundzsa a designation of additional parts to be included. If Mr. Hundzsa refused or failed to order the additional parts, the prosecutor should have either ordered the parts in writing from the reporter or applied to this court for an order requiring Mr. Hundzsa to do so. *Page 18 
 {¶ 79} In addition, the majority finds Mr. Hundzsa's contention that the trial court erred by increasing his sentence in its nunc pro tunc judgment entry to be without merit. I disagree.
 {¶ 80} The trial court's nunc pro tunc entry changed Mr. Hundzsa's sentence from concurrent to consecutive, thereby adding an additional four years. I believe that the trial court erred in entering the nunc pro tunc entry since the modification was not an attempt to fix an omission which was merely clerical, but rather changed the terms of the sentence. See State v. Cunningham, 3d Dist. Nos. 1-07-69 and 1-07-81,2008-Ohio-1345, at ¶ 10. The majority cannot hide behind an incomplete reading and application of App. R. 9 to justify an affirmation, wherein the state of the record before us illustrates an impermissible modification of a sentence.
 {¶ 81} For the foregoing reasons, I would reverse the judgment of the trial court. *Page 1