JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Lloyd Shields, appeals from a judgment convicting him of aggravated burglary and abduction. Finding no merit to the appeal, we affirm.
 {¶ 2} Shields was indicted on two counts: aggravated burglary, a violation of R.C. 2911.11(A)(1), and kidnapping, a violation of R.C. 2905.01(A)(2) and/or (A)(3). Both counts carried notice of prior conviction and repeat violent offender specifications. Shields entered a plea of not guilty, and the case proceeded to a jury trial where the following evidence was presented.
 {¶ 3} The victim, Elizabeth Borja, testified that on August 28, 2007, she was visiting Cleveland, Ohio from Mexico City, Mexico to attend a stem cell research meeting. She was staying at the Marriott Hotel in downtown Cleveland, where the conference was being held. During a break, around 1:00 or 2:00 p.m., she decided to go back to her room, which was on the tenth floor of the hotel. She got on the elevator and pressed the button for her floor. A man whom she did not know (later identified to be Shields) also got on the elevator and pressed the button for the 22nd floor. When the elevator stopped at her floor, she got off and began walking toward her room. She noticed that Shields had also gotten off the elevator when she did and that he was following her. Borja said that when she realized that he was following her, she was afraid because there *Page 4 
was no one around. She began to walk a little faster to her room. She got to her room and opened the door. When she attempted to close the door to her room, Shields prevented her from doing so by jamming a newspaper in the door. Borja testified that Shields pushed her and she began to fight him back. She began screaming "[n]o, no," because she did not want him to get inside her room. She fell down and continued screaming. At that point, Shields ran from the room.
 {¶ 4} Borja immediately tried to call for security, but could not dial because she was "a little bit panic[ked]." Instead, she went downstairs to the front desk and told the person at the desk. While she was in the lobby, she saw Shields get off the elevator, and she identified him to hotel personnel.
 {¶ 5} At the close of the state's case, Shields moved for a Crim. R. 29 acquittal, which the trial court denied. The defense then rested.
 {¶ 6} The jury found Shields guilty of aggravated burglary and abduction, a lesser included offense of kidnapping. The specifications were bifurcated and tried to the court. The parties stipulated to the prior conviction specification, and the court found that the repeat violent offender specification did not apply. The court then sentenced Shields to eleven years in prison and five years of postrelease control.
 {¶ 7} It is from this judgment that Shields appeals, raising two assignments of error for our review: *Page 5 
 {¶ 8} "[1.] The jury lacked sufficient evidence to actual, attempted, or threatened harm to the victim to convict defendant of aggravated burglary (count 1).
 {¶ 9} "[2.] The jury lacked sufficient evidence of appellant's intent to commit a crime, a material element of the state's aggravated burglary case."
 {¶ 10} Since both of Shields' assignments of error relate to the sufficiency of the evidence supporting his aggravated burglary conviction, we will address them together.
 {¶ 11} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Jenks at 273.
 {¶ 12} R.C. 2911.11(A)(1) provides in pertinent part that "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure or in a *Page 6 
separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if *** [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[.]"
 {¶ 13} Shields only raises sufficiency arguments regarding two elements of aggravated burglary. He claims (1) that there was no evidence that he attempted to physically harm Borja or that he threatened her with physical harm; and (2) that there was no evidence that he intended to commit a criminal offense inside the victim's hotel room.
 Physical Harm {¶ 14} R.C. 2911.11(A)(1) does not require actual physical harm or serious physical harm; an attempt to cause minor physical harm is sufficient. "Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). See State v. Reese, 8th Dist. No. 85902,2005-Ohio-5724, ¶ 12 (slight bruise is "physical harm").
 {¶ 15} The evidence showed that Shields shoved or pushed Borja after he jammed his newspaper in her door to prevent her from closing it. The jury could infer from this evidence that Shields attempted to physically harm her. See State v. Spears, 3d Dist. No. 3-07-32, 2008-Ohio-2408
(evidence sufficient to show *Page 7 
attempted physical harm where defendant pushed victim). Thus, the state presented sufficient evidence on this element of aggravated robbery.
 Intent to Commit any Criminal Offense {¶ 16} It is well established that "the intent of an accused person is only in his mind and is not ascertainable by another, it cannot be proved by direct testimony of another person but must be determined from the surrounding facts and circumstances." State v. Lundy, 8th Dist. No. 90229, 2008-Ohio-3359, _9, quoting State v. Huffman (1936),131 Ohio St. 27. Courts have held, "[p]ersons do not ordinarily forcibly enter a dwelling being occupied by others unless there is an intent to commit a crime, the most likely crime being a theft offense in the absence of circumstances giving rise to a reasonable inference of some other offense being the purpose of entry." State v. Flowers (1984),16 Ohio App.3d 313, 315, overruled on other grounds in State v. Fontes,87 Ohio St.3d 527, 2000-Ohio-427. See, also, State v. Smith, 8th Dist. No. 84292, 2004-Ohio-6111, _19; State v. Myers, 9th Dist. No. 23853,2008-Ohio-1913, _7.
 {¶ 17} In State v. Hobbs, 8th Dist. No. 81533, 2003-Ohio-4338, this court stated: "Since the defendant's subjective intent with which he trespassed into the victim's home is known only to him, the jury had to determine his intent by surrounding facts and circumstances." Id., citing Flowers at 314. The facts in Hobbs indicated that the defendant broke into a home and when someone inside *Page 8 
yelled, he jumped out a window. Hobbs, supra. Nothing was taken or disturbed. Id. This court still found that there was ample evidence upon which the jury could determine that the defendant entered the victim's home with intent to commit a criminal offense therein. Id.
 {¶ 18} Here, Shields followed Borja off of the elevator to her hotel room, and when she attempted to enter, he blocked her from doing so and tried to push her inside the room. There is no reasonable inference that Shields' forcible entry or attempt at entry was for an innocent purpose. Thus, any reasonable juror could infer from that evidence that he intended to commit a criminal offense once inside.
 {¶ 19} Accordingly, Shields' two assignments of error are overruled.
 {¶ 20} The judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and JAMES J. SWEENEY, J., CONCUR *Page 1