JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Marlon Lundy, appeals his conviction in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Lundy was charged with two counts of harassment by an inmate, in violation of Ohio Revised Code 2921.38. Lundy pled not guilty, and a jury trial ensued.
 {¶ 3} At trial, the testimony revealed that Lundy was arrested by Officer Rodes and taken to the Cleveland city jail. Lundy was intoxicated, obnoxious, and combative. As a result of his behavior, he was immediately placed in a jail cell, and the booking process was not completed.
 {¶ 4} After being placed in the jail cell, Lundy audibly cleared his throat and spat on Officer Rodes, hitting him in the back of the neck and shoulder area. Lundy then spat on Sergeant O'Neil in the face.
 {¶ 5} Lundy testified on his own behalf. He denied spitting on the officers.
 {¶ 6} Lundy was found guilty of both counts of harassment. He was sentenced to 10 months on each count, to be served consecutively. Lundy appeals, advancing two assignments of error for our review.
 {¶ 7} Lundy's first assignment of error alleges that the evidence is insufficient to convict him of harassment by an inmate. Specifically, Lundy argues that there is no evidence that he intended to harass, annoy, or threaten the officers. When an *Page 4 
appellate court reviews a record on a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} R.C. 2921.38(A) sets forth the elements of the offense of harassment by an inmate. The statute provides the following: "(A) No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner."
 {¶ 9} It is well established that "the intent of an accused person is only in his mind and is not ascertainable by another, it cannot be proved by direct testimony of another person but must be determined from the surrounding facts and circumstances." State v. Huffman (1936), 131 Ohio St. 27. Intentionally spitting on someone could not be construed as anything other than an attempt to annoy, harass, or insult that person. Here, Lundy cleared his throat and spat on two officers, hitting one in the back of the neck and one in the face. After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could *Page 5 
have found the essential elements of the harassment by an inmate proven beyond a reasonable doubt. Accordingly, Lundy's first assignment of error is overruled.
 {¶ 10} Lundy argues in his second assignment of error that his convictions are against the manifest weight of the evidence because there was no physical evidence that he spat on the officers. In addition, Lundy argues that the fact that he was not tested for diseases pursuant to R.C. 2921.38(D)(1) proves he did not spit on the officer.
 {¶ 11} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal quotes and citations omitted.) State v.Leonard, 104 Ohio St.3d 54, 68, 2004-Ohio-6235.
 {¶ 12} The state may use either direct or circumstantial evidence to prove the essential elements of an offense. See Jenks, supra at 272. In this case, both officers testified that Lundy cleared his throat and spat on each of them. They both testified that they immediately cleaned themselves off and filed a report. Simply because the state did not present physical evidence showing that Lundy spat on the *Page 6 
officers does not mean that the record contains insufficient evidence to support his conviction or that his conviction is against the manifest weight of the evidence. See State v. Owens (Jan. 24, 2001), Summit App. No. 19932 (stating that the absence of corroborating physical evidence does not negate the testimony of a witness to a crime); State v.West, Franklin App. No. 06AP-11, 2006-Ohio-6259 (stating that physical evidence need not corroborate victim's testimony); State v. Frye, Ashtabula App. No. 2005-A-12, 2006-Ohio-1875 (stating that officers' direct testimony as to defendant's actions sufficiently established offense committed, despite lack of physical evidence); State v.Nix, Hamilton App. No. C-30696, 2004-Ohio-5502 (holding that state need not produce physical evidence to prove its case if direct testimony establishes elements of the crime). Physical evidence merely would have bolstered the direct testimony of the state's witnesses. See State v.Reine, Scioto App. No. 06CA3102, 2007-Ohio-7221.
 {¶ 13} We find that Lundy's convictions are not against the manifest weight of the evidence; accordingly, his second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 7 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1