[Cite as *State v. Wilson*, 2024-Ohio-5877.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-T-0047 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ANTHONY D. WILSON, | Trial Court No. 2023 CR 00090 |
| Defendant-Appellant. | |

## O P I N I O N

Decided: December 16, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jason M. Jordan*, Jason M. Jordan Legal Services, LLC, 3580 Darrow Road, Stow, OH 44224 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Anthony D. Wilson, appeals from his conviction for Harassment with a Bodily Substance in the Trumbull County Court of Common Pleas. For the following reasons, his conviction is affirmed.

{¶2} On March 15, 2023, the Trumbull County Grand Jury issued an Indictment, charging Wilson with Harassment with a Bodily Substance, a felony of the fifth degree, in violation of R.C. 2921.38(A).

{¶3} A bench trial was held on March 28, 2024. The following pertinent testimony

and evidence were presented:

{¶4} On January 29, 2023, Tyler Torreance, a corrections officer at the Trumbull County Jail, was working in the disciplinary lockdown segregation pod, assisting with feeding inmates. When he and Officer Ragva Singh opened the hatch to Wilson's cell to collect his food tray, "there was bodily substance . . . threw through the port." The substance "came in contact with Officer Singh from the lower [part] of his face to his upper torso area." Torreance testified that he believed it was urine due to his "many interactions with urine from [his] employment at the Trumbull County Jail" and the carton thrown "had a distinct smell of urine." When he collected the carton from the floor and threw it away, Wilson was drinking out of another milk carton and stated, "I'm just getting started." Before the trays were collected, Wilson had used racial slurs toward Singh. Torreance testified that Singh immediately notified his supervisor of the incident. Torreance also informed the sergeant to exercise caution with Wilson due to the attack and prepared an incident report.

{¶5} Torreance testified that on the date of the incident, Wilson did not have access to water in his cell due to a previous incident of flooding the cell. He testified that there is no protocol at the jail regarding what to do if officers come in contact with bodily fluids.

{¶6} Singh testified that after he pulled Wilson's food tray out of the hatch, he directed Wilson to return his milk carton "and that's when I was assaulted," i.e., Wilson "splashed urine through the food port." Singh knew it was urine because it was lukewarm and had a "strong odor of urine." He recognized it to be urine "almost immediately," although he did not inspect the contents of the carton. He got hit from his chin down to

2

his thigh. Wilson stated "how do you like that" and used an expletive. Almost immediately following the incident, Singh communicated it to his supervisor, changed his clothes, and "wash[ed] up." He completed a report regarding the incident. He did not seek medical treatment because he did not have any open cuts. Singh reiterated that Wilson did not have access to water due to a prior flooding incident and indicated that he had seen his supervisor turn off his water.

{¶7} Daniel Mason, the Jail Administrator, indicated that clothing was not typically submitted to the lab when urine is thrown on an officer and he did not believe BCI would accept it for testing. If someone is exposed to urine, the proper procedure is to make an incident report and make the supervisor aware.

{¶8} At the close of the State's case, the defense moved for acquittal pursuant to Crim.R. 29 on the ground that the State failed to prove a bodily substance was thrown, which motion was denied. The defense rested and the court found Wilson guilty of the sole count of the Indictment. Wilson was sentenced to serve a term of eleven months in prison.

{¶9} Wilson timely appeals and raises the following assignment of error:

{¶10} "The trial court committed reversible error when it failed to grant Defendant-Appellant's Motion for judgment of acquittal where the State failed to provide sufficient evidence to meet all of the essential elements of the charge of Harassment with a Bodily Substance."

{¶11} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable

3

doubt." *State v. Bridgeman*, 55 Ohio St.2d 261 (1978), syllabus. "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." (Citation omitted.) *State v. Hastings*, 2021-Ohio-662, ¶ 23 (11th Dist.). In reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶12} R.C. 2921.38(A) provides the following: "No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner."

{¶13} Wilson argues that the State failed to prove beyond a reasonable doubt that the substance thrown on Singh was urine. He contends that no precautions were taken to clean the substance on the floor, the substance was never tested, Singh was inconsistent in his testimony regarding the color of the liquid, and the fact that Wilson's water had been shut off did not disprove that he may have filled the carton with water.

{¶14} Here, two corrections officers testified that the substance thrown on Singh was urine. Torreance testified that he believed it was urine due to his "many interactions with urine from [his] employment at the Trumbull County Jail" and the carton "had a distinct smell of urine." Singh testified that he knew it was urine because it was lukewarm and had a "strong odor of urine." Both men testified that Wilson performed the act of

4

Case No. 2024-T-0047

throwing the substance while making derogatory comments and statements like, "I'm just getting started" and "how do you like that." They also testified that he lacked access to water that could have been used to fill the carton because of prior behavior of flooding his cell. This testimony was sufficient to demonstrate the substance thrown on Singh was urine.

{¶15} Regarding Wilson's argument that no testing was completed to determine whether the substance was urine, courts have held that physical evidence is not required to prove that a substance was a bodily substance to sustain a conviction under R.C. 2921.38(A). *State v. Lundy*, 2008-Ohio-3359, ¶ 12 (8th Dist.) (although there was no physical evidence that the defendant spit on the officers, where there was testimony from multiple officers that the defendant did so, the record contained sufficient evidence to support the conviction); *State v. Reine*, 2007-Ohio-7221, ¶ 25 (4th Dist.) (same). Testimony of witnesses that a substance is urine because of characteristics such as its smell has been found sufficient to sustain a conviction under R.C. 2921.38(A). *See State v. Wilcox*, 1999 WL 924181, *3 (2d Dist. Sept. 10, 1999) (the conviction was supported by the evidence where two officers testified that they believed the substance was urine); *In re R.J.*, 2011-Ohio-2706, ¶ 38 (3d Dist.) (a rational trier of fact could have found the elements of the crime were proven beyond a reasonable doubt when there was testimony from a corrections officer that she knew the defendant threw urine on her from the smell of the liquid).

{¶16} Wilson argues that Singh provided inconsistent testimony about the liquid thrown on him, emphasizing that he testified at a preliminary hearing that he knew the substance was urine because it was yellow, but at the trial, he stated he could not recall

5

if he observed the color of the liquid. Singh indicated that he could not recall "because it happened so long ago." We do not find that this testimony renders the conviction unsupported by sufficient evidence. Regardless of whether Singh recalled every detail of the incident at the time of trial, both he and Torreance testified that they recognized the substance as urine by the smell and both immediately reported the incident. Further, questions about Singh's differing statements regarding the color of the liquid, to the extent that they relate to the credibility of his testimony, are not properly considered here since, "[w]hen evaluating the sufficiency of the evidence, we do not consider its credibility or effect in inducing belief." *State v. Flitcraft*, 2024-Ohio-3146, ¶ 23 (11th Dist.).

{¶17} Wilson also questions the lack of precautions taken by the officers, such as the failure to clean the substance off of the floor and Singh's failure to have testing done for diseases following the incident. Singh testified that he did not believe testing was needed because he had no cuts and the substance did not get in his mouth. Regarding the failure to clean the floor, the witness testimony demonstrated that corrections officers generally did not perform such cleaning and their failure to do so does not negate their testimony that they believed the substance was urine.

{¶18} Finally, Wilson argues that, although there was testimony he did not have access to water, he could have filled the milk carton with water prior to it being shut off. Even presuming Wilson had access to water or was able to fill the carton before he lost such access, the testimony that his water had been shut off merely served to buttress the assertion that the substance he threw was urine and was not necessary to demonstrate this fact. Again, there was testimony by multiple officers that they recognized the substance to be urine due to its odor and Singh testified that it was lukewarm.

6

{¶19} The sole assignment of error is without merit.

{¶20} For the foregoing reasons, Wilson's conviction for Harassment with a Bodily Substance in the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-T-0047